[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff Casa Equipment (Casa) brings this action to foreclose a mechanic's lien on the defendant Anwar Sultana's property. The plaintiff filed its complaint on April 14, 1988. The defendant appeared December 6, 1990 and filed her motion to dismiss on December 27, 1990. The motion to dismiss was accompanied by a memorandum and affidavit in support. The plaintiff filed its memorandum in opposition on January 16, 1991.
The defendant argues that she was not served at her usual place of abode. The defendant further argues that she was not a resident of the State of Connecticut, or of the United States, and that she should have been served pursuant to Conn. Gen. Stat. 52-59b. The defendant also moves to dismiss on the ground of improper venue. She states that the instant action should have been returned to the Judicial District of Fairfield at Bridgeport.
The plaintiff argues that the determination of one's usual place of abode is a question of fact for the trier of fact and is not properly raised on a motion to dismiss. The plaintiff also argues that improper venue is not a ground for a motion to dismiss and that the court should transfer the action to the correct judicial district. The plaintiff filed a motion to transfer on January 18, 1991.
A motion to dismiss may be used to assert lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process. Conn. Practice Bk. 143 (rev'd to 1978, as updated to October 1, 1990). Supporting affidavits may be filed as to facts not apparent on the record when appropriate. Id. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Standard Tallow Corp. v. Jowdy, 190 Conn. 48,56 (1983). "`[A]ffidavits are insufficient to determine the facts unless, like the summary judgment, they disclose CT Page 3258 that no genuine issue as to a material fact exists." Id.
The sheriff's return attached to the complaint states that the defendant was served at her usual place of abode. The affidavit in support of the defendant's motion to dismiss stated that the defendant resided elsewhere. There is a genuine issue of material fact in dispute regarding the usual place of abode of the defendant. Therefore, it is hereby ordered that an evidentiary hearing be held to determine the usual place of the defendant's abode before rendering a decision on the instant motion. The Court
Curran, J.