[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a defendant's motion to dismiss based on a claimed lack of personal jurisdiction.
The out of state defendant American Empire Surplus Lines Ins. Co., Inc. (hereafter "American Empire"), contends in its motion to dismiss, filed July 17, 1991, that the plaintiff violated General Statutes 52-45a by failing to serve a writ of summons upon the defendant. The plaintiff responds in its memorandum in opposition to the motion, however, that since the original action had already been commenced at the time of service and American Empire resided out of state, 52-45a does not apply. The plaintiff further contends that, even if the service of process was ineffective pursuant to General Statutes 52-45a, the defendant waived its claim of lack of jurisdiction by filing a general appearance on June 21, 1991.
A defendant no longer waives the claim of lack of jurisdiction by filing a general appearance. Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 459 A.2d 503 (1983); Practice Book 142, 144. Rather, where the defendant files a timely motion to dismiss (i.e., within 30 days of the filing of a general appearance), jurisdictional defects are preserved and may form the the basis for dismissal. Id.; Practice Book 142, 144. In the present case, the defendant filed its motion to dismiss on July 17, 1991. The defendant filed a timely motion to dismiss which preserved its claim of lack of jurisdiction.
The defendant contends by its motion to dismiss that service of process was defective pursuant to General Statutes 52-45a. Section 52-45a states, in relevant part, that "[c]ivil actions shall be commenced by legal process consisting of a writ of summons or attachment . . . the writ shall be accompanied by the plaintiff's complaint." General Statutes 52-45a (emphasis CT Page 51 added). Section 52-45a does not apply to the present case, because the action had already been commenced before the plaintiff moved to cite in the out of state defendant, American Empire. Where the action had already been commenced, General Statutes 52-68
governs. Under 52-68 (a), (b), the superior court may "make such order as is deemed reasonable, in regard to the notice which shall be given . . ., [and] such notice . . . shall be deemed sufficient service and notice." General Statutes 52-68 (a), (b). In the present case service was executed pursuant to an order issued by Judge Dorsey on May 20, 1991, and the plaintiff returned the duly endorsed affidavit of service showing that service was completed on June 14, 1991. Given these circumstances, service of process was valid pursuant to General Statutes 52-68.
For the foregoing reasons, the defendant's motion to dismiss is denied.
THOMAS V. O'KEEFE, JR., JUDGE