[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
This is a contract action in which plaintiff Richard J. Ponzo has filed a four count complaint against defendants Omega Plastics Corporation, Sigma Extruding Corporation and Beta Plastics Corporation.
The complaint makes the following allegations. The plaintiff, d/b/a DRP Associates, is a Connecticut resident with his principal place of business in Mystic, Connecticut. The defendants, are corporations doing, business in the state of Connecticut with their principal places of business in Lyndhurst and Carlstadt, New Jersey. On or about August 22, 1986, the plaintiff entered into a separate agreement with each defendant pursuant to which each defendant was to pay to the plaintiff a commission for the sale of the products of such defendant. The plaintiff has performed all of the conditions under each contract and each defendant owes commissions to the plaintiff.
The defendants have filed a motion to dismiss the complaint for lack of jurisdiction.
A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 (1985). "Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss. Practice Book 142, 143(2), 144." Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53 (1983).
The defendants argue that they are not subject to CT Page 5848-B suit under any section of General Statutes 33-411, the Connecticut Long-Arm Statute, and that the exercise of jurisdiction by Connecticut courts in this case would be a violation of their due process rights. The plaintiff argues in opposition that long-arm jurisdiction exists under Section 33-411(c)(1) and (c)(3).
"[A]nalysis of a due process challenge to personal jurisdiction is a two-step process." United States Trust Co. v. Bohart, 197 Conn. 34, 38 (1985). The court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant. Frazer v. McGowan, 198 Conn. 243, 246 (1986). Only if personal jurisdiction has attached under state law does the court reach the constitutional question of whether due process is offended thereby. United States Trust Co. v. Bohart, supra, 39.
Section 33-411(c) provides in pertinent part:
 (c) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; or . . . (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers;. . .
The defendants argue that Section 33-411(c)(1) is inapplicable because the contract between the plaintiff and the defendants was not made in Connecticut and orders CT Page 5848-C submitted by the plaintiff to the defendants were not accepted in Connecticut. However, an affidavit of Peter J. Alvarez, Chief Financial Officer of each of the defendants, filed by the defendants in support of their motion to dismiss, asserts that the plaintiff has performed his part of the contract in Connecticut.
The language "to be performed in this state," present in Section 33-411(c)(1), does not require performance in this state by the party over whom jurisdiction is sought. See Bowman v. Grolsche Bierbrouwerij B.V., 474 F. Sup. 725,731-32 (D. Conn. 1979). Rather, where the contract already contemplates and requires performance in Connecticut by the plaintiff, the defendants may be subject to suit in this state. Bowman v. Grolsche Bierbrouwerij B.V., supra, 732. Therefore, the court may exercise personal jurisdiction over the defendants pursuant to Section 33-411(c)(1).
The defendants also argue that Section 33-411(c)(3) is not applicable because the present cause of action did not arise out of production, manufacture or distribution of goods by the defendants in Connecticut, but rather arises out of a service contract made between the plaintiff and the defendants.
However, the present cause of action does arise out of the production, manufacture or distribution of goods by the defendants with the expectation that the goods were to be used in Connecticut. Peter J. Alvarez's affidavit outlines the procedure whereby the plaintiff would solicit orders for plastic bags manufactured by the defendants and the defendants would ship the plastic bags and invoices from New Jersey to Connecticut.
The court finds that "reasonable expectations that such goods [were] to be used or consumed in [Connecticut]" is present. Therefore, the court may exercise personal jurisdiction over the defendants pursuant to Section 33-411(c).
The defendants next argue that they do not have sufficient minimum contracts with the state of Connecticut, as required by the due process clause of the United States Constitution, to come within the court's personal jurisdiction. "The contacts must be of a nature where `the CT Page 5848-D traditional notions of fair play and substantial justice' are not offended by requiring a party to defend his case in the forum state." In re Connecticut Asbestos Litigation,677 F. Sup. 70, 73 (D.Conn. 1986), quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).
The determination of whether Section 33-411(c) permits jurisdiction over a foreign corporation requires an inquiry "into the totality of contacts which the defendant may have with the forum." Lombard Bros., Inc. v. General Asset Management Co., 190 Conn. 245, 254 (1983). "Under subsection (c), consistent with the constitutional demands of due process, it is the totality of the defendant's conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here." Id., 255. Thus, "[t]he twin touchstones of due process analysis under the minimum contracts doctrine are foreseeability and fairness." United States Trust Co. v. Bohart, supra, 41.
Connecticut's assertion of jurisdiction over the defendants does not offend constitutional due process. The affidavit of Peter J. Alvarez indicates that, pursuant to, the contract at issue, the plaintiff would represent Omega Plastics, one of the defendants, in eleven states including Connecticut, that the plaintiff would call on various companies in various states; that he would relay orders for plastic bags to New Jersey by telephone to one of the defendants; and that plastic bags were shipped by the defendants from New Jersey to Connecticut buyers. The court finds that the defendants could reasonably foresee being haled into court in Connecticut.
For the foregoing reasons, the defendants' motion to dismiss is denied.
Hendel, J. CT Page 5849