## Standard Tallow Corporation *v.*
## James Jowdy et al.
## (10490)

Speziale, C. J., Peters, Healey, Parskey and Shea, Js.

Argued December 2, 1982—decision released May 3, 1983

*Robert P. Volpe,* with whom, on the brief, was *Robert B. Yules,* for the appellant (plaintiff).

*Robert Rasamny,* for the appellee (defendant Bahij Halaby).

SPEZIALE, C. J. This appeal by the plaintiff concerns the dismissal of the plaintiff's action by the trial court on the ground of lack of jurisdiction over an out of state defendant. The plaintiff, Standard Tallow Corporation, is a New Jersey corporation, authorized to do business in this state. The defendants, James Jowdy and Bahij Halaby,[1] were personal guarantors of a series of twelve promissory notes issued by Economat Supermarkets, Inc., a foreign corporation, and payable at a bank in New York. When Economat Supermarkets, Inc., defaulted on the notes, the plaintiff elected to exercise an acceleration clause therein and brought this action to collect the amount due from the defendants.

The plaintiff obtained an order of prejudgment remedy from the court, *N. O'Neill, J.,* and real estate located in Danbury belonging to the defendant Halaby was attached by a deputy sheriff on February 25, 1980. Notice by mail was sent to Halaby in New York State pursuant to an order of notice dated April 11, 1980. Halaby did own the real property attached, which was unrelated to the plaintiff's cause of action, but he was not a Connecticut resident when the action was commenced.

---

[1] Although both defendants were served and both filed appearances, only Halaby is concerned in the issues on this appeal; only he appeared before this court.

On May 7, 1980, Halaby filed a motion to dismiss, claiming that the attachment of real property owned by him was not sufficient to support the jurisdiction of the court over him. On June 10, 1980, the plaintiff filed a motion to postpone the hearing on Halaby's motion until fourteen days after Halaby complied with the plaintiff's discovery request, which was to be filed in the future. On June 13, 1980, the plaintiff filed a ten page request for disclosure and production of documents directed to establishing facts upon which jurisdiction could be shown. Thereafter, on June 20, 1980, Halaby filed an objection to the plaintiff's motion to postpone. Arguments on both the motion to dismiss and the motion to postpone were heard on July 1, 1980 by the court, *Moraghan, J.* At that time, the trial court refused the plaintiff's request for a trial-like hearing, but it did accept into evidence certain documents indicating Halaby's ownership of real estate and also indicating his ownership in 1976 of a business in Connecticut. The court orally denied the motion to postpone the hearing, thereby in effect denying the plaintiff's request for disclosure and production. By an order and memorandum of decision filed October 20, 1980, the court found that the plaintiff had based its assertion of jurisdiction solely on Halaby's ownership of real property located in Connecticut, that the plaintiff had the burden of proving jurisdiction, and that "the attachment of real property, without more, is insufficient to satisfy the minimum contacts standard required by *Shaffer* [v. *Heitner,* 433 U.S. 186, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977) ]" for the assertion of quasi in rem jurisdiction. It therefore granted Halaby's motion to dismiss and to dissolve the prejudgment attachment of the defendant's property.[2]

---

[2] Although there is no judgment file in this case, the trial court did file an order granting Halaby's motion to dismiss the action and to dissolve the attachment. We treat this order as the judgment for purposes of this appeal.

The plaintiff appealed the dismissal to this court claiming that the court erred (1) by placing the burden on it to prove jurisdiction; (2) by denying it a trial-like hearing to determine contested issues of fact; (3) by refusing to postpone any hearing on the jurisdictional issue until the plaintiff could obtain discovery of facts to determine the extent of Halaby's contacts with the state of Connecticut; and (4) by finding that Halaby had insufficient contacts with Connecticut to justify the exercise of quasi in rem jurisdiction over him.

We conclude that the trial court correctly placed the burden of proving jurisdiction on the plaintiff as the party alleging quasi in rem jurisdiction, but that it erred in denying the plaintiff a trial-like hearing and in denying a continuance of the hearing to permit discovery on the issue of jurisdiction. Because the plaintiff was prohibited from developing a factual record on the question of Halaby's actual contacts in the trial court, it would be premature at this time to address the question of whether Halaby's contacts are sufficient for the court to assert quasi in rem jurisdiction over him.

I

BURDEN OF PROOF

The plaintiff's first claim is that the burden of proof should be on a defendant who files a motion to dismiss thereby contesting the court's jurisdiction over him, rather than on the plaintiff who asks the court to assume jurisdiction. "[A]ll assertions of state-court jurisdiction must be evaluated according to the standards set forth in *International Shoe* [*Co.* v. *Washington,* 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) ] and its progeny." *Shaffer* v. *Heitner,* 433 U.S. 186, 212, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977); see *Hodge* v. *Hodge,* 178 Conn. 308, 318, 422 A.2d 280 (1979). Those

standards, as set out in *International Shoe,* require that "in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " (Emphasis in original.) *International Shoe Co.* v. *Washington,* supra, 316.

Whether sufficient minimum contacts exist for a court to have jurisdiction is clearly dependent on the facts of each particular case. "Like any standard that requires a determination of 'reasonableness,' the 'minimum contacts' test of *International Shoe* is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite 'affiliating circumstances' are present. *Hanson* v. *Denckla,* 357 U.S. 235, 246 [78 S. Ct. 1228, 2 L. Ed. 2d 1283] (1958)." *Kulko* v. *California Superior Court,* 436 U.S. 84, 92, 98 S. Ct. 1690, 56 L. Ed. 2d 132, reh. denied, 438 U.S. 908, 98 S. Ct. 3127, 57 L. Ed. 2d 1150 (1978).

In many cases jurisdiction is immediately evident, as where the sheriff's return shows abode service in Connecticut. When, however, the jurisdictional basis is not clear on the face of the record[3] because service is had under the long-arm statutes,[4] additional facts

---

[3] Facts on the record for purposes of a motion to erase (now included in a motion to dismiss, Practice Book § 143) were those "where the nature of the action or amount in demand shows that the court has no jurisdiction, or where the officer's return shows invalid service, and the like. . . ." Practice Book, 1963, § 94.

[4] Service in this case was under General Statutes (Rev. to 1979) § 52-68, which states: "Sec. 52-68. SERVICE OF PROCESS. ORDERS OF NOTICE. The several courts, other than courts of probate, and the judges, clerks and assistant clerks thereof, may, except where it is otherwise specially provided by law, make such order as is deemed reasonable, in regard to the notice which shall be given of the institution or pendency of all complaints, writs of error and appeals from probate, which may be brought to or pend-

establishing the "minimum contacts" required by due process may need to be shown. It has not been the practice in this state to require these minimum contacts to be made a part of the allegations in the complaint. Because a lack of personal jurisdiction may be waived by the defendant,[5] the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss. Practice Book §§ 142, 143 (2), 144. If the defendant challenges the court's jurisdiction, it is then incumbent on the plaintiff to prove the facts establishing the requisite minimum contacts.

"The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction. When jurisdiction is based on constructive service, jurisdiction cannot arise solely from the acts recited in the return. There should be no presumption of the truth of the plaintiff's allegation of the additional facts necessary to confer jurisdiction." 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 96, p. 390. Placing the burden on the plaintiff to prove contested factual issues pertaining to jurisdiction is in

ing in the superior court, when the adverse party, or any persons so interested therein that they ought to be made parties thereto, reside out of the state, or when the names or residences of any such persons in interest are unknown to the party instituting the proceeding. Such notice, having been given and proved by the affidavit of the officer who served such notice or by other competent evidence, shall be deemed sufficient service and notice, and the court may proceed to a hearing, unless otherwise provided by law, or may order further notice as it deems reasonable." See also General Statutes § 52-59b.

[5] Lack of jurisdiction over the person may be waived by consent; *Ins. Corporation of Ireland* v. *Compagnie des Bauxites,* 456 U.S. 694, 703–704, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982); or by failure to file a timely challenge. Practice Book § 144. A general appearance by itself, however, no longer necessarily constitutes waiver of jurisdictional defects. General Statutes § 52-59b (b).

accord with rulings in other states which have addressed the same question. See *Chavez* v. *Indiana,* 122 Ariz. App. 560, 596 P.2d 698 (1979); *Pace Carpet Mills* v. *Life Carpet & Tile Co.,* 365 So. 2d 445 (Fla. App. 1978); *Nelson* v. *Miller,* 11 Ill. 2d 378, 143 N.E.2d 673 (1957); *Mergenthaler Linotype* v. *Storch Enterprises,* 66 Ill. App. 3d 789, 383 N.E.2d 1379 (1978); *Krupnick* v. *Danin,* 86 App. Div. 2d 623, 446 N.Y.S.2d 357 (1982); *Lincoln* v. *Seawright,* 104 Wis. 2d 4, 310 N.W.2d 596 (1981).

This court has recognized that the burden of proof is on the plaintiff to prove jurisdiction over the person when constructive service is used. In *Chrysler Credit Corporation* v. *Fairfield Chrysler-Plymouth, Inc.,* 180 Conn. 223, 429 A.2d 478 (1980), the defendant, a New York resident, allegedly was served via a person alleged to be his agent in Connecticut, but was never personally served. He "moved to dismiss the complaint against him, alleging lack of personal jurisdiction over him. When this motion was heard, the plaintiff requested and received a continuance *to enable it to make an appropriate evidentiary showing.*" (Emphasis added.) Id., 224. When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction. The trial court correctly placed this burden on the plaintiff.[6]

---

[6] *Murphy* v. *Dantowitz,* 142 Conn. 320, 324, 114 A.2d 194 (1955), could be read to state that the burden of proof is on an out-of-state defendant to show lack of quasi in rem jurisdiction. That case, however, was decided at a time when the application of the minimum contacts test to assertions of quasi in rem jurisdiction was still in doubt. See, e.g., *Pennoyer* v. *Neff,* 95 U.S. 714, 24 L. Ed. 565 (1878); *Harris* v. *Balk,* 198 U.S. 215, 25 S. Ct. 625, 49 L. Ed. 1023 (1905); compare *Shaffer* v. *Heitner,* 433 U.S. 186, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977). To the extent that *Murphy* v. *Dantowitz,* supra, may be read to conflict with this opinion, it is overruled.

## II

### TRIAL-LIKE HEARING; DISCOVERY

The plaintiff next claims that the trial court erred by denying it a trial-like hearing on the question of jurisdiction. It further claims that the court erred by denying it an opportunity to obtain discovery from Halaby before a hearing was held.

The trial court denied without comment the plaintiff's motion to postpone the hearing on Halaby's motion to dismiss, and it proceeded immediately to hear argument on the motion to dismiss. The trial court in effect ruled that an evidentiary hearing was necessary when it recognized that the minimum contacts test of *International Shoe Co.* v. *Washington,* supra, should apply to the determination of jurisdiction and stated in its memorandum of decision that "the inquiry must focus on 'the relationship among the defendant, the forum and the litigation.' *Shaffer* [v. *Heitner*], supra, 204; *Rush* [v. *Savchuk,* 444 U.S. 320, 327, 100 S. Ct. 571, 62 L. Ed. 2d 516 (1980)]." The trial court did accept into evidence five documents offered by the plaintiff to show contacts between Halaby and Connecticut, but this was only after the motion to postpone was denied and the plaintiff had properly excepted to the ruling, claiming that it must be permitted to develop evidence on the question of jurisdiction. It is unclear whether the court considered that accepting the five documents was the equivalent of an evidentiary hearing. No mention of the documents is made in the court's memorandum of decision, which was decided solely on the legal question of whether the defendant's ownership of real property alone was enough to meet due process requirements for asserting jurisdiction over him.

## A

### DENIAL OF AN EVIDENTIARY HEARING

As stated above, a determination of whether sufficient minimum contacts with Connecticut exist is a fact question. *Kulko* v. *California Superior Court,* supra; *Hanson* v. *Denckla,* supra. "A motion to dismiss may . . . raise issues of fact and would, therefore, require a . . . hearing [to determine the facts]. . . . [A]ffidavits are insufficient to · determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists." 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1982 Sup.) § 108d p. S 73. " 'In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.' *Goldberg* v. *Kelly* [397 U.S. 254, 269, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970) ]." *Society for Savings* v. *Chestnut Estates, Inc.,* 176 Conn. 563, 574, 409 A.2d 1020 (1979). When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses. The trial court erred in not holding such a hearing.

### B ·

### DENIAL OF DISCOVERY

The plaintiff also claims that the trial court abused its discretion by denying the plaintiff's motion˙to postpone the hearing in order to give the plaintiff an opportunity for discovery in its attempt to prove the requisite minimum contacts between Halaby and Connecticut. The effect of the court's action was to preclude any meaningful evidentiary hearing on the jurisdictional issue. As previously stated, such an evidentiary

hearing was required. The denial of the plaintiff's motion for a continuance in effect denied discovery to the plaintiff on an issue which the court clearly recognized as requiring a resolution of contested fact.

"In any civil action . . . where the court finds it reasonably probable that evidence outside the record will be required, a party may obtain . . . discovery of information or disclosure, production and inspection of papers, books or documents material to the subject matter involved in the pending action . . . and which are within the knowledge, possession or power of the party or person to whom the discovery is addressed. Discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure. . . ." Practice Book § 218. Although § 218 speaks in terms of "any civil action" and of "the prosecution or defense of the action," it is clear that discovery may be had to establish facts pertaining to personal jurisdiction. *Chrysler Credit Corporation* v. *Fairfield Chrysler-Plymouth, Inc.,* supra.[7]

The granting or denial of a discovery request rests in the sound discretion of the court. *Kiessling* v. *Kiessling,* 134 Conn. 564, 568, 59 A.2d 532 (1948). That

[7] The contention of the defendant that to order discovery would impermissibly impose the court's jurisdiction over the defendant "prior to having even made the determination as to whether the court in fact had jurisdiction over this defendant," is erroneous. "A court must have jurisdiction to determine its own jurisdiction, especially where, as here, the defendants have by their appearance put that question into issue." *Chrysler Credit Corporation* v. *Fairfield Chrysler-Plymouth, Inc.,* 180 Conn. 223, 227, 429 A.2d 478 (1980). The court may even apply sanctions for failure to obey a discovery order intended to establish or to refute jurisdiction. Id.; accord *Ins. Corporation of Ireland* v. *Compagnie des Bauxites,* 456 U.S. 694, 709, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982).

discretion is limited, however, by the provisions of the rules pertaining to discovery; Practice Book §§ 217-221;[8] especially the mandatory provision that

[8] "[Practice Book] Sec. 217. SCOPE OF DISCOVERY

"Sec. 218. —IN GENERAL

"In any civil action, in any probate appeal, or in any administrative appeal where the court finds it reasonably probable that evidence outside the record will be required, a party may obtain in accordance with the provisions of this chapter discovery of information or disclosure, production and inspection of papers, books or documents material to the subject matter involved in the pending action, which are not privileged, whether the discovery or disclosure relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, and which are within the knowledge, possession or power of the party or person to whom the discovery is addressed. Discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure. It shall not be ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

"Sec. 219. —MATERIALS PREPARED IN ANTICIPATION OF LITIGATION; STATEMENTS OF PARTIES

"Subject to the provisions of Sec. 220, a party may obtain discovery of documents and tangible things otherwise discoverable under Sec. 218 and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall not order disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

"A party may obtain, without the showing required under this section, discovery of his own statement and of any nonprivileged statement of any other party concerning the action or its subject matter."

"Sec. 220. —EXPERTS

"Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of Sec. 218 and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

"(A) (1) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which

discovery "*shall* be permitted if the disclosure sought would be of assistance in the prosecution or defense of the action. . . ." (Emphasis added.) Practice Book § 218. The court's discretion applies to decisions concerning whether the information is material, privileged, substantially more available to the disclosing party, or within the disclosing party's knowledge, possession or

the expert is expected to testify and a summary of the grounds for each opinion. (2) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to paragraph (C) of this section, concerning fees and expenses as the court may deem appropriate.

"(B) A party may discover facts known or opinions held by an expert who had been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only as provided in Sec. 229 or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

"(C) Unless manifest injustice would result, (1) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under paragraphs (A) (2) and (B) of this section; and (2) with respect to discovery obtained under paragraph (A) (2) of this section the court may require, and with respect to discovery obtained under paragraph (B) of this section the court shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert."

"Sec. 221. —PROTECTIVE ORDER

"Upon motion by a party from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court."

power, as stated in § 218. A complete denial of discovery, however, is seldom within the court's discretion unless the court finds that one or more of the limitations on discovery expressed above applies. Denial of a motion to postpone a hearing may, as here, effectively preclude any discovery. When discovery is warranted under the principles discussed above, such a denial is an abuse of discretion. *Plouffe* v. *New York, N.H. & H. R. Co.,* 160 Conn. 482, 490-91, 280 A.2d 359 (1971). Here, where the trial court had already recognized that a factual presentation was necessary, it was an abuse of discretion to deny the plaintiff any opportunity for discovery.

There is error, the judgment dismissing the plaintiff's action and dissolving the attachment of Halaby's property is set aside and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.