[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING WITH RESPECT TO MOTION TO DISMISS
Stanton Whitney, a Connecticut resident, and Connecticut CT Page 5393 Insurance Services, Inc., a Connecticut corporation, have brought a four count complaint against the defendants Edward Capullo d/b/a Capullo Corporate Services [hereafter "Capullo"] and Aegis Security Insurance Company [hereafter "Aegis"]. Count one is directed against Aegis and alleges fraudulent misrepresentation. Counts two, three and four are against Capullo and allege intentional interference with prospective contractual relations, diversion of a corporate opportunity, and breach of a fiduciary duty as an agent. Capullo is a Connecticut resident. Aegis is a foreign corporation not licensed to do business in Connecticut, with its principal place of business in Harrisburg, Pennsylvania.
On March 15, 1993, Aegis filed a motion to dismiss claiming the court lacks personal jurisdiction over it. More specifically, Aegis has asserted that no acts occurred in Connecticut which are sufficient to confer in personam jurisdiction over the defendant pursuant to the Connecticut long arm statute, General Statutes 33-411. Aegis filed a memorandum of law in support of its motion to dismiss.[1] Plaintiffs have filed an objection to defendant's motion to dismiss, dated March 23, 1993, along with a memorandum of law and various documents in support of their objection to Aegis's motion to dismiss.
On April 12, 1993, an evidentiary hearing was commenced. However, after preliminary argument concerning the nature and scope of the evidentiary hearing, the court adjourned proceedings prior to the presentation of evidence in order to review the file. This ruling will address the nature and scope of the evidentiary hearing.
A challenge to personal jurisdiction over a nonresident foreign corporation requires a two-part inquiry. First, the court must decide whether the applicable long-arm statute authorizes the exercise of jurisdiction. If that question is answered affirmatively, then the court must decide if the assertion of jurisdiction would offend due process. Frazer v. McGowan, 198 Conn. 243, 246, 502 A.2d 905 (1986); Lombard Bros., Inc. v. General Asset Management Co., 190 Conn. 245, 250,460 A.2d 481 (1983). The plaintiff bears the burden of proving the limited facts which pertain to personal jurisdiction that cannot be determined from the face of the record. Id. at 250; Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53-54, 459 A.2d 503 (1983). At this stage of the proceedings, all ambiguities in the pleadings will be resolved in favor of the plaintiffs and the CT Page 5394 court will determine whether a prima facie showing of jurisdiction has been made by the plaintiffs. See Teleco Oilfield Services, Inc. v. Skandia Insurance Co., 656 F. Sup. 753,756 (D. Conn. 1987).
In the present action, plaintiffs assert that defendant Aegis committed tortious conduct in Connecticut sufficient to establish personal jurisdiction under General Statutes 33-411(c)(4). Section 33-411(c) provides, in pertinent part:
 Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, or any cause of action arising . . . (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.
This provision of the Connecticut long arm statute confers jurisdiction over tortious conduct in Connecticut "without regard to whether a foreign corporation transacts business in Connecticut and without regard to a causal connection between the plaintiff's cause of action and the defendant's presence in this state." Frazer v. McGowan, 198 Conn. at 246.
Among the many allegations contained in the complaint, which the court accepts as true for the purpose of this motion, see Braunstein v. Hayes Thynn, P.C., 8 Conn. L. Rptr. No. 11, 369, 370 (March 15, 1993) (Nigro, J.), the plaintiffs assert in paragraph 59 that "Between February 11, 1991 and March 10, 1992, the defendant Aegis, by its agents and/or officers and/or directors and/or employees . . . made false representations in writing and/or by telephone and/or by facsimile transmission to the plaintiffs. . . ." More particularly, paragraph 44 alleges a specific facsimile transmission received by plaintiff Whitney from Robert Jester, vice-president of marketing and a director of Aegis, see para. 7; paragraphs 45 and 51 allege specific telephone conversations between Jester and Whitney and paragraphs 55 and 57 allege specific letters sent to Whitney by CT Page 5395 Jester.[2] However, based on the complaint as alleged the court cannot determine which of these particular communications may have contained an alleged fraudulent misrepresentation and thus cannot find that a prima facie showing of the first jurisdictional requirement has been made by the plaintiffs.
Jurisdiction exists under 33-411(c)(4) where a defendant sends a fraudulent misrepresentation into the state by mail or telephone. See David v. Weitzman, 677 F. Sup. 95, 97 (D. Conn. 1987); Teleco Oilfield Services, Inc. v. Skandia Insurance Co.,656 F. Supp. at 758; Braunstein v. Hayes Thynn, P.C.,8 Conn. L. Rptr. at 371. At this point, it is unclear which representation received in Connecticut by plaintiffs from the defendant Aegis, either through the mail or by telephone, is alleged to be a fraudulent misrepresentation. To satisfy their burden of establishing jurisdictional facts, see Lombard Bros., Inc. v. General Asset Management Co., 190 Conn. at 258, the plaintiffs must prove at the evidentiary hearing that the defendant Aegis engaged in at least a single act in Connecticut which would constitute the tort of fraudulent misrepresentation.[3] See Teleco Oilfield Services, Inc. v. Skandia Insurance Co., 656 F. Supp. at 757.
If, and only if, the plaintiffs satisfy their burden of establishing tortious conduct in Connecticut sufficient to establish jurisdiction under 33-411(c)(4), then an inquiry must be made to determine whether the totality of Aegis's contact with the State of Connecticut suffices for the constitutional exercise of long-arm jurisdiction.
 The totality of a defendant's contacts may include activities which, because of the applicability of one of the exclusionary provisos of 33-397, do not constitute "transacting business" in this state. Factors excluded by 33-397, such as ownership of property in this state and solicitation of business here, may nonetheless be relevant in determining whether the defendant has sufficient minimum contacts with Connecticut, has sufficiently availed himself of the privilege of conducting activities here, to make it fair and just to require the defendant to defend an action in this forum. Under subsection CT Page 5396 (c), consistent with the constitutional demands of due process, it is the totality of the defendant's conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here. World-Wide Volkswagen Corporation v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Kulko v. California Superior Court, 436 U.S. 84, 92, 97-98, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); Hanson v. Denckla, 357 U.S. 235, 251, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95
(1945); Standard-Tallow Corporation v. Jowdy, 190 Conn. 48, 459 A.2d 503 (1983); see 1 Restatement (Second), Judgments 5, comment b. (Footnotes omitted.)
Lombard Bros., Inc. v. General Asset Management Co.,190 Conn. at 254-55. See Frazer v. McGowan, 198 Conn. at 248-49. The plaintiffs must prove facts that establish the constitutionally requisite minimum contacts. Standard Tallow Corp. v. Jowdy,190 Conn. at 53.
"The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness." United States Trust Co. v. Bohart, 197 Conn. 34, 41,495 A.2d 1034 (1985). An examination of our Supreme Court's evaluation of facts asserted to support minimum contacts suggests that the test to be applied should look to the quality of the contact, compare Lombard Bros., Inc. v. General Asset Management Co.,190 Conn. at 256-58 (discrete trading transactions substantially made and executed in New York; sporadic advertisements in the New York Times and the Wall Street Journal; confirmation slips mailed to Connecticut) with Frazer v. McGowan,198 Conn. at 250-53 (affirmative measures to attract Connecticut patients including granting admitting privileges to Connecticut physicians, maintaining yellow page listing in Connecticut telephone directory; percentage of Connecticut patients treated at hospital); whether the cause of action flowed from the contact, id. at 252; United States Trust Co. v. Bohart,197 Conn. at 4-2; and, most clearly, whether the defendant CT Page 5397 purposefully directed its activities to this state. Frazer v. McGowan, 198 Conn. at 253.
Thus, the plaintiffs should be prepared to offer that limited evidence which would establish the nature and quality of Aegis's contact with the State of Connecticut in particular as related to this specific cause of action and that Aegis purposefully availed itself of the privilege of conducting activities in this state. The plaintiffs, however, do not have to prove either the merits of their cause of action or the totality of the case. Indeed, if the plaintiffs can offer facts to establish that the defendant Aegis purposefully availed itself of the benefits of this state by making even a single fraudulent misrepresentation to them in this state which induced them to act to their economic detriment, that should suffice. See David v. Weitzman, 677 F. Supp. at 99-100.
In sum, at the evidentiary hearing, the plaintiffs must offer evidence that the defendant Aegis engaged in at least a single act in Connecticut which would constitute the tort of fraudulent misrepresentations sufficient to establish jurisdiction under 33-411(c)(4). Then the plaintiffs must offer proof that the totality of Aegis's conduct and connection with this state demonstrates that Aegis could reasonably have expected to be sued in this forum. An evidentiary hearing will be scheduled.
LINDA K. LAGER, JUDGE