[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTIONFOR A PROTECTIVE ORDER
The issue raised is whether under the attendant circumstances the defendants can depose the plaintiff's attorney. This Court grants the plaintiff's motion for a protective order and overrules the defendants' objection to the protective order.
This is an action where the plaintiff seeks to set aside as fraudulent certain transfer of assets. The plaintiff, Clyde R. Tyler, a Rocky Hill police officer, alleged that the defendant, Philip K. Schnabel, former Chief of Police for the Town of Rocky Hill, transferred assets without compensation to the named defendant, his wife Ruth K. Schnabel, in order to avoid applying the assets to satisfy a judgment that Tyler obtained against Phillip Schnabel.
The events which led to Tyler obtaining a judgment against Schnabel began in 1988. On June 8, 1988, Tyler filed a notice of intent with the Clerk for the Town of Rocky Hill to sue Schnabel. Tyler eventually sued Schnabel in the form of a counterclaim, alleging that Schnabel violated Tyler's federal civil rights, and, committed several intentional torts against Tyler. On December 13, 1991, a jury returned a verdict for Tyler in the amount of $370,000.00 On December 19, 1991, the court entered judgment for $370,000.00, plus $123,660.60 for attorney fees and taxable costs, for a total judgment of $493,660.60.
On September 14, 1992, Tyler filed an action against both Schnabels, alleging in four counts that Schnabel fraudulently transferred assets to his wife in order to avoid applying the assets to pay the adverse 1991 judgment. On April 25, 1994, CT Page 11466 the defendants answered the complaint, and set forth three special defenses and one counterclaim. The third special defense alleges that "[t]he plaintiff, through his attorney, failed to make reasonable and diligent efforts to ascertain the circumstances of insurance coverage and indemnification rights available to defendant Philip Schnabel, with the result that plaintiff took certain actions which eliminated actual and/or potential sources of such coverage and indemnification, and therefore is equitably estopped from maintaining this action against defendant Ruth Schnabel."
On June 2, 1994, Tyler filed a motion for a protective order, seeking to prohibit the defendants from deposing his attorney to obtain information which the defendants allegedly need to establish their third special defense. The defendants filed an objection to the plaintiff's motion. Both parties filed briefs, and the matter was argued on August 8, 1994.
"Discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure." Practice Book § 218. Accordingly, "[t]he party seeking discovery must demonstrate a substantial need for the material and that undue hardship would result if discovery were not permitted." Emerick v. Moraes, Superior court, Judicial District of Hartford at Hartford, Docket No. 314898 (Jan. 3, 1992, Walsh, J.). A party from whom discovery is sought, may move the court for a protective order from oppressive, annoying, or embarrassing discovery requests, or discovery requests which cause an undue burden upon the moving party. Practice Book § 221.
"The extent of discovery and use of protective orders is clearly within the discretion of the trial judge." (Internal quotation marks omitted.) Maryann R. Clarkson v. GreentreeToyota Corp. , 8 CSCR 515, 515 (April 20, 1993, Mcrath [McGrath], J.). "The court's discretion applies to decisions concerning whether the information is material, privileged, substantially more available to the disclosing party, or within the disclosing party's knowledge, possession or power, as stated in § 218. A complete denial of discovery however, is seldom within the court's discretion unless the court finds that one or more of the limitations on discovery expressed above CT Page 11467 applies." Standard Tallow corp. [Corp. ] v. Jowdy,190 Conn. 48, 57-60, 459 A.2d 503 (1983).
The plaintiff moves the court for a protective order prohibiting the defendants from deposing his counsel. Tyler submitted three reasons why the motion should be granted. First, Tyler argues that the defendants are seeking information that is privileged pursuant to the attorney/client privilege. Second, Tyler posits that the information sought will not lead to any evidence relevant to a claim or defense in the pending matter, as required by Practice Book Section 218. Finally, Tyler claims that the information sought could be obtained by the defendant from another source without any undue hardship to the defendants.
In their objection to the motion for a protective order, the defendants only respond to the plaintiff's first argument. The defendants assert that they are seeking non-privileged information which would lead to evidence relevant to their third special defense.
The defendants have failed to demonstrate that they would suffer undue hardship if required to obtain the information from other sources. see Standard Tallow Corp. v. Jowdy, supra190 Conn. 57-60. Schnabel was the Police Chief for the Town of Rocky Hill when he committed the tortious acts that resulted in Tyler securing the 1991 judgment for $493,660.60. National Casualty Company was the insurance provider for the Town of Rocky Hill at the time the tortious acts were committed. Accordingly, if the plaintiff investigated whether Schnabel, as an employee of the Town of Rocky Hill, had insurance coverage and a right to indemnification from the Town of Rocky Hill and/or its insurer, the plaintiff would have directed his inquiries to National Casualty Company and the Town of Rocky Hill.
Further, the defendants have not offered a single reason as to why they cannot obtain information concerning the plaintiff's inquiries to the Town of Rocky Hill and National Casualty Company from those entities. The implied argument that the defendants were owed a duty of insurance inquiry by the plaintiff in order to minimize the defendants' losses is rejected. No where is it written that a plaintiff's right of recovery depends upon his uncovering for his defendants any insurance or indemnification benefits which the defendants CT Page 11468 might otherwise have. Where there are deep pockets, the obligation rightfully and obviously rests upon the defendants to attenuate any potential losses. To place this obligation upon the plaintiff is to invert common sense and our common law.
In any event, the defendants have failed to demonstrate that the information they seek can be provided by the plaintiff with substantially greater facility than could otherwise be obtained by the defendants from the Town of Rocky Hill and/or National Casualty Company. Standard Tallow Corp.v. Jowdy, supra 190 Conn. 56-60.
The deposition of opposing counsel must be discouraged and disallowed except under the most compelling reasons. Such a procedure could lead to calling opposing counsel to testify, placing in jeopardy a plaintiff's right to have his designated counsel represent him before our courts.
Because no compelling reasons were submitted and because the defendants have not demonstrated that the information can be provided by the plaintiff with substantially greater facility than could otherwise be obtained by the defendant, the defendants' objection to the plaintiff's motion for a protective order is overruled.
SO ORDERED:
Arthur L. Spada Superior Court Judge November 16, 1994