[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On December 3, 1996, the defendant, Melissa Beck Ford, filed a motion to dismiss the plaintiff's dissolution action, claiming insufficient service of process. The sheriff's return states that on April 24, 1996, a true and attested copy of the original Writ, Summons and Complaint was left "at the usual place of abode of Melissa Beck Ford at 45 Crowther Ave., Bridgeport, CT . . . ." Sheriff's Return. This matter therefore involves the sufficiency of abode service.
When jurisdiction is based on personal or abode service, as opposed to constructive service, the matters stated in the sheriff's return, if true, confer jurisdiction. See StandardTallow Corporation v. Jowdy, 190 Conn. 48, 53, 459 A.2d 503
(1983). Where a defendant challenges the sufficiency of abode service, matters stated in the sheriff's return are presumed true, and the burden of proof is on the defendant with respect to jurisdictional issues raised pursuant to a motion to dismiss. Id. CT Page 2985
A proceeding for dissolution of marriage "shall be commenced by the service and filing of a complaint as in all other civil actions in the Superior Court for the judicial district in which one of the parties resides." General Statutes § 46b-45. "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at [her] usual place of abode, in this state." General Statutes § 52-57.
The defendant testified that on June 24, 1996, while residing at 45 Crowther Avenue, Bridgeport, Connecticut (second floor apartment), she decided to do some house cleaning. Previously, a cart for a microwave oven had been placed in front of the rear door to said apartment. In the course of cleaning, the defendant moved the microwave oven cart from in front of the rear door and the defendant opened the rear door and found the dissolution of marriage papers "very's stuck in the door jamb of the rear door.
The defendant claims that service in this case was insufficient because process was left in the door jamb of the rear door to her apartment. The defendant suggests that she does not use the rear door as a means of ingress and egress to her apartment, and therefore, process was not left in a manner calculated to provide her notice.
The plaintiff, however, testified that when the plaintiff and defendant lived together at 45 Crowther Avenue, they used the rear door to bring in groceries, take out trash and access the basement. The court credits this testimony. Indeed, the defendant admitted finding the process when she opened her rear door on June 24, 1996. Actual notice was therefore provided to this defendant before any procedural time limits elapsed prejudicing the defendant.
Accordingly, the court concludes that the defendant has not carried her burden of proof. The motion to dismiss is therefore denied.
SO ORDERED:
JOHN W. MORAN, JUDGE CT Page 2986