[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Carmela Adkins, a resident of the state of New York, has filed a motion, #103, to dismiss this action brought against her by the plaintiff, Gloria Kirwin, a resident of this state. The plaintiff alleges that until June, 1988, she and the defendant "jointly operated" a business in this state transporting passengers by bus to the Foxwoods Casino. The plaintiff further alleges that the defendant then set up a similar and competing business. The plaintiff further claims that thereafter the defendant told various people in this state that the plaintiff had stolen money from her and was a "thief," which was "untrue and slanderous."
The defendant's motion to dismiss contests the court's jurisdiction and is authorized by Practice Book § 10-30. The specific ground asserted in the defendant's motion is lack of "personal jurisdiction." Practice Book § 10-31(a)(2).
The plaintiff purported to constructively serve the defendant on July 26, 1999, by sending a copy of the process by certified mail to the defendant in New York pursuant to an order of notice issued by this court. The plaintiff premises her claim for personal jurisdiction over this nonresident individual defendant on General Statutes § 52-59b(a), our so-called long arm statute, which permits such jurisdiction if the nonresident individual either transacts any business or commits a tort in this state. This statute, however, specifically excludes jurisdiction for a cause of action committed in this state based on "defamation of character." "Slander is an oral defamation of character." D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts § 147 (3d. ed. 1991 Supp. 1999). CT Page 2843
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted).Knipple v. Viking Communications, Ltd., 236 Conn. 602, 606,674 A.2d 426 (1996). Moreover, "the burden of proof is on the plaintiff to present evidence which will establish jurisdiction."Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 54, 459 A.2d 503
(1983).
The plaintiff in her affidavit in opposition to the motion to dismiss claims that the defendant transacted business in Connecticut by operating a bus tour business with the plaintiff, and then by setting up her own competing business. The plaintiff alleges that the defendant made her defamatory remarks to deprive the plaintiff of business and to promote the defendant's own business.
The plaintiff is attempting to avail herself of General Statutes § 52-59b(a) involving jurisdiction over a nonresident individual who "transacts any business in this state." The complaint, however, clearly is based on slander or defamation, not on something arising out of transacting business. It is a tort action the gravamen of which is defamation. The plaintiff did not allege a cause of action arising from the defendant's transaction of business in this state, such as a claim for breach of contract or breach of an implied covenant.
Thus, the plaintiff has not sustained her burden of proving that the defendant in this present action is amenable to in personam jurisdiction under General Statutes § 52-59b(a)(1) or (2), and the defendant's motion to dismiss is therefore granted.
So Ordered.
Dated at Stamford, Connecticut, this 29th day of February, 2000.
William B. Lewis, Judge CT Page 2844