[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
December 15, 1999 the State of Connecticut, Department of Social Services (hereinafter referred to as "DSS") served upon the respondent Sherron Johnson a support petition for support of four minor children. Pursuant to Connecticut General Statute Section 46b-172(a)(1), the petition referenced four minor children as the biological sons or daughter of the respondent. The service was effectuated at the usual place of abode, 18 Nelton Court, Hartford, Connecticut as evidenced by the return of service on. file.
The summons and order for hearing and notice to defendant set the first court date on March 13, 2000 at 9:00 a.m. Neither the plaintiff or the defendant appeared on said date and the case was continued to May 22, 2000. Both parties failed to appear on May 22, 2000 with the Magistrate ordering a continuance on said date to July 17, 2000. The defendant Sherron Johnson filed an appearance (dated May 16, 2000) with the Superior Court Clerk's Office on June 1, 2000. Said appearance reflects and address for the defendant of 101 Harold Street, Hartford, Connecticut.
On July 17, 2000 neither the plaintiff or defendant appeared. The DSS sought default orders payable to the State in that the petitioner was a recipient of. public assistance. The Magistrate Court denied the DSS request and dismissed the matter on the basis that . . . "There is a conflict in the record as to where she resides. She says she resides at 101 Harold Street. So, it's not being dismissed because of lack of postal." Transcript p. 3, lines 17-19.
DSS has appealed the decision of the Family Support Magistrate dismissing the DSS petition. This appeal is brought pursuant to Connecticut General Statute Section 46b-231(n) which authorizes the court to reverse or modify the decision pursuant to statutory law. The DSS claims that the Magistrate decision is clearly erroneous as it required the State to provide evidence of service beyond what is prescribed by statute. The DSS further claims that said action by the Magistrate in dismissing the complaint is erroneous in that the respondent had already appeared in the matter and failed to file a motion to dismiss the complaint within thirty days of the filing of an appearance as required in Connecticut Practice Book Section 10-32.
The court has reviewed the memorandum of law submitted by DSS. The court hereby concludes that the Magistrate was in error for dismissing said complaint. The DSS is authorized to serve process on the abode of a defendant pursuant to the provisions of Section 52-57(a). The court finds that the return of service by personal abode is not only prima facie evidence, but creates a presumption of the truth of the matter stated therein with the burden shifting to the respondent to rebut the presumption and raise any jurisdictional issues. Standard TallowCorporation v. Towdy, 190 Conn. 48, 53 (1983). Said presumption of proper CT Page 11234 service was not rebutted. The court further finds that DSS is permitted by statute to have an investigator make service at the abode of a respondent. Connecticut General Statute § 52-50(c).
It is evident by the record that the respondent has not challenged the jurisdiction of this court by way of a motion to dismiss. The mere fact of a filing of an appearance by the defendant with an address different than the address where abode service was effectuated is not a sufficient legal basis for the Magistrate to dismiss the case.
The court hereby concludes that the Magistrate erred as a matter of law in dismissing said complaint. The court reverses the decision of the Magistrate and remands this case with direction to proceed upon the complaint. The court further notes the necessity to advise the defendant of the date, time and place of said hearing at the address listed on his appearance to comply with the constitutional requirement of notice and opportunity be heard.
James J. Devine, J.