[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Jeff Miller, brings this breach of contract action against the defendant, American Bank Note Holographics, Inc. The plaintiff alleges that he is a resident of Connecticut and the defendant is a foreign corporation with offices located in New York. In 1997, the plaintiff was hired by the defendant as a sales executive. The plaintiff alleges that he was responsible for securing a lucrative contract on behalf of the defendant with Titan Sports, Inc. (Titan), a corporation having its principal place of business in Connecticut. The plaintiff further alleges that the defendant was obligated to pay the plaintiff a commission on the business it conducted with Titan. The plaintiff also claims that the defendant breached the covenant of good faith and fair dealing in the plaintiff's employment contract when it participated in business practices that resulted in an investigation by the United States Security and Exchange Commission. Consequently, Titan terminated its contract with the defendant. The plaintiff alleges that because the defendant lost the Titan account, he suffered not only a major loss of current and future income, but also that his employment was terminated.
The defendant has filed motion #103 to dismiss the action on the ground that the court lacks personal jurisdiction over it. The defendant contends that it neither transacted business in the state of Connecticut nor acted in a manner sufficient to subject it to long-arm jurisdiction. The defendant filed an affidavit and other documentary exhibits in CT Page 12404 support of its motion and the plaintiff filed an affidavit in opposition to the motion.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss may be used to assert lack of jurisdiction over the person. Practice Book § 10-31(a)(2). "A defendant may contest the personal jurisdiction of the court even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." (Internal quotation marks omitted.) Brunswick v. InlandWetlands Commission, 222 Conn. 541, 551, 610 A.2d 1260 (1992); see alsoKnipple v. Viking Communications, 236 Conn. 602, 605-06, 674 A.2d 426
(1996).
"It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Brackets omitted; internal quotation marks omitted.) LawrenceBrunoli, Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999). Furthermore, "[t]he motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Internal quotation marks omitted.) Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988).
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) Knipple v. Viking Communications, Ltd., supra, 236 Conn. 606. "If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction." Id., 607.
The defendant argues that the plaintiff cannot satisfy his burden of CT Page 12405 proving long-arm jurisdiction because he has not alleged a sufficient basis for personal jurisdiction. The defendant contends that its actions are insufficient to support jurisdiction under any provision of General Statutes § 33-929 (f),[1] the Connecticut long-arm statute which provides that a foreign corporation is subject to suit in this state under any one of a variety of circumstances. Moreover, the defendant argues, pursuant to General Statutes § 33-920 (b)(6),[2] that even if it solicited or obtained orders in the state, by mail or through its employees, agents or otherwise, this would still be insufficient to confer jurisdiction.
In opposing the defendant's motion to dismiss, the plaintiff argues that the actions of the defendant as alleged in the complaint are sufficient to confer jurisdiction under General Statutes § 33-929
(f).[3] The plaintiff maintains that he secured the contract between the defendant and Titan on the defendant's behalf and that this contract was to be performed in Connecticut. The plaintiff contends, therefore, that this court has jurisdiction over the defendant pursuant to General Statutes § 33-929 (f)(1). Furthermore, the plaintiff argues that the defendant admits that it has conducted five to seven percent of its business activities in Connecticut and, therefore, this court has jurisdiction over the defendant pursuant to General Statutes § 33-929
(f)(2). Finally, the plaintiff claims that the defendant produced, manufactured and distributed goods for Titan with the reasonable expectation that the goods were to be used or consumed in Connecticut and, therefore, this court has jurisdiction over the defendant pursuant to General Statutes § 33-929 (f)(3).
The parties do not dispute that the plaintiff was an employee of the defendant, but they do dispute whether and to what extent the plaintiff was required to perform his duties in Connecticut. In order to satisfy this provision of General Statutes § 33-929 (f)(1), the agreement serving as the basis for jurisdiction must contemplate or encompass some performance in Connecticut. However, that performance does not need to be by the defendant. The phrase "to be performed in this state" does not require performance in this state by the party over whom jurisdiction is sought. Integrated Corporate Relations, Inc. v. Zoggle.com, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 376468 (December 11, 2000, Melville, J.). It has been held that jurisdiction is appropriate where the contract in question contemplated and required performance in this state by the plaintiff. Advanced ClaimsService v. Franco Enterprises, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 374548 (October 13, 2000, Melville,J.) (foreign defendant's contract which contemplated substantial performance of investigative services by plaintiff in Connecticut sufficiently satisfied long-arm statutory requirements of § 33-929
CT Page 12406 (f)(1)).
In this case, the plaintiff argues that this court's jurisdiction over the defendant is authorized by General Statutes § 33-929 (f)(1) because the plaintiff secured the contract between the defendant and Titan on the defendant's behalf as a result of telephone calls and visits to Titan's offices in Connecticut and because the contract with Titan was to be performed in Connecticut. The defendant responds that the plaintiff spent the vast bulk of his time working in the defendant's New York office. The parties do not dispute the existence of an employment contract between the plaintiff and the defendant. However, neither party has submitted sufficient evidence or documentation of the terms of the plaintiff's employment with the defendant and the parties' affidavits conflict on this issue. Consequently, the court cannot conclusively determine whether the contract contemplated substantial performance in Connecticut within the meaning of General Statutes § 33-929 (f).[4]
This matter, therefore, requires a hearing for that purpose. When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses. Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 56,459 A.2d 503 (1983). Therefore, until the court determines that it has personal jurisdiction over the defendant pursuant to the long-arm statute, it will defer consideration of whether its assertion of jurisdiction would violate principles of due process. See Olson v.Accessory Controls Equipment Corp., supra, 54 Conn. App. 514. The parties are advised to contact the Case Flow Office to make arrangements for a hearing date, and the defendant, its agents and employees, are immunized from service of process during said hearing and travel to and from that hearing.
So Ordered.
Dated at Stamford, Connecticut, this 11th day of September, 2001.
William B. Lewis, Judge T.R.