[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
On January 16, 2002, the plaintiff, Earl J. LaVallee, Sr., filed a five count complaint against the defendant, Capitol Electrical Construction, LLC. The plaintiff, a former employee of the defendant's, alleges breach of contract, unjust enrichment and unfair trade practices in violation of General Statutes § 42-110b.
On February 19, 2002, the defendant filed a motion to dismiss for lack of personal jurisdiction and improper venue. The defendant does not claim, however, that the court lacks personal jurisdiction over the defendant, or that the judicial district of New Britain is an improper venue for this action. Instead, the defendant simply asserts that the plaintiffs complaint fails to sufficiently allege such facts so as to establish the domicile of the parties or the location of the events alleged.
In deciding a motion to dismiss for lack of personal jurisdiction, the issue is whether the court's personal jurisdiction over the parties is readily determinable from the record. Standard Tallow Corporation v.Jowdy 190 Conn. 48, 54, 459 A.2d 503 (1983). The defendant, a limited liability company, has a place of business at 122 Spring Street, Southington, Connecticut. (Summons and Sheriff's Return.) The court's personal jurisdiction over the defendant is, thus, readily determinable from the record. The defendant's motion to dismiss based on lack of personal jurisdiction is, accordingly, denied.
The defendant also moves to dismiss based on improper venue. General Statutes § 51-345 (a) provides, in relevant part, that "all civil process shall be made returnable to a judicial district as follows . . . (3) If either or both the plaintiff or defendant are residents of this state, to the judicial district where either the plaintiff or defendant CT Page 6409-n resides. . . ." As previously noted, the defendant has a place of business in Southington, Connecticut, and its agent for service resides in Bristol, Connecticut. The record further indicates that the plaintiff resides at 90 Pleasant Avenue, Forestville, Connecticut. (Summons.) Pursuant to § 51-345 (a), then, civil process in this action was returnable only to the judicial district of New Britain. Accordingly, the defendant's motion to dismiss on the basis of improper venue is denied.
BY THE COURT
 ___________________ Peter Emmett Wiese, Judge
CT Page 6410