[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
Introduction CT Page 9401
The plaintiff, Archangela Bevilacqua, requests the court to order the defendant, Brian Novak, to provide the plaintiff with a copy of a recorded statement from Steven Hayes, a witness to the car accident which is the subject of the litigation. The plaintiff claims there is an undue hardship in attempting to obtain the information because it has made several attempts via the mail and telephone to contact the witness but has received no response.
 II.
Discussion
 A.
The plaintiff argues that the statement of Hayes is not subject to discovery because it is the work product of the attorney. "Work product can be defined as the result of an attorney's activities when those activities have been conducted with a view to pending or anticipated litigation. The attorney's work must have formed an essential step in the procurement of the data which the opponent seeks, and the attorney must have performed duties normally attended to by attorneys." (Citation omitted.) Stanley Works v. New Britain Redevelopment Agency, 155 Conn. 86,95 (1967). There is nothing which indicates that the statement of the witness, Hayes, was prepared pursuant to this rule. Indeed, it was apparently procured by an insurance company.
 B.
The granting or denial of a discovery request rests within the sound discretion of the court. Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 57, (1983). In defining the scope of discovery, Practice Book 219 requires a party to show "substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent by other means."
In the present case, it appears that the plaintiff is unable to make contact with Mr. Hayes despite numerous attempts to contact him. In Ishikawa v. McDonald, 7 Conn. L. Trib. No. 3, p. 12 (Super.Ct., January 5, 1981) then Judge Berdon ruled that a statement of a non-expert non-party witness was discoverable when the statement was taken soon after the accident as the later CT Page 9402 statements taken by the other side would not be the "substantial equivalent." Similarly, in Hecht v. City of Milford,3 Conn. L. Rptr. 506 (April 17, 1991), Judge Jones ordered the plaintiff to produce statement of an eyewitness despite the fact that the defendant had deposed the witness, stating that "[a] statement of an eyewitness is a particularly fresh account of a person's perception which often times cannot be duplicated from a later memory."
The plaintiff's motion to compel discovery is granted.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT