[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff is a citizen and resident of the State of Connecticut. The defendant is a Pennsylvania Corporation with its principal place of business in Upper Darby, Delaware County, Pennsylvania and does not maintain a place of business in Connecticut. In October, 1990, the parties entered into a written contract which contemplates that the defendant would design a "custom computer lighting control system for a house which the plaintiff was building in Washington, Connecticut. This system included not only room lighting, but also audio and visual electronic systems. The plaintiff was also to provide certain equipment in connection with the system.
The defendant drafted the contract in Pennsylvania, but the actual negotiations occurred in Connecticut and New York, and the contract was signed in New York. Since the plaintiff was to provide on-site supervision, it is apparent that the contract was to be performed to a substantial extent, in the State of Connecticut, although preparation of drawings and other design work was to occur in Pennsylvania.
The plaintiff commenced the instant action against the defendant for breach of contract on May 28, 1993. The defendant filed a motion to dismiss the plaintiff's complaint for lack of personal jurisdiction and attached a memorandum in support of that motion. The defendant CT Page 10600 filed a memorandum in opposition to the plaintiff's motion to dismiss on July 23, 1993.
The motion to dismiss is the proper manner by which to assert lack of jurisdiction over the person. Practice Book 143; see also Standard Tallow Corp. v. Jowdy,190 Conn. 48, 53, 459 A.2d 503 (1983). When the defendant challenges the court's jurisdiction over him, "it is then incumbent on the plaintiff to prove the acts establishing the requisite minimum contacts [required by due process]." Standard Tallow Corp. v. Jowdy, supra.
In its memorandum in support of its motion to dismiss, the defendant claims that General Statutes 33-411 (c)(1), Connecticut's long-arm statute, does not confer upon this court jurisdiction over the defendant corporation. The defendant also asserts that the plaintiff has not alleged adequate contacts with the forum state and therefore dismissal is warranted.
In determining whether to assert jurisdiction over a foreign corporation, a trial court must engage in a two part inquiry. It must first decide whether, under the facts of the case, our long-arm statute authorizes the exercise of jurisdiction. It must then decide whether the assertion of jurisdiction would offend due process. Fraser v. McGowan, 198 Conn. 243, 246, 502 A.2d 905
(1986). Due process requires that a non-resident corporate defendant have "minimum contacts" with the forum state such that it would reasonably anticipate being haled into court there. Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Maintenance of the suit in the forum state cannot "offend `traditional notions of fair play and substantial justice.'" International, Shoe Co. v. Washington,326 U.S. 320, 316 (1945), quoting Milliken v. Meyer, 321 U.S. 457,463 (1940). Both prongs of this analysis require the establishment by the plaintiff of facts pertaining to jurisdiction. Lombard Bros., Inc. v. General Asset Management Co., 190 Conn. 245, 250, 460 A.2d 481 (1983).
The Connecticut long-arm statute, General Statutes 33-411, allows a Connecticut court to assert jurisdiction over a foreign corporation if that corporation transacts business in the state, General CT Page 10601 Statutes 33-411 (b); or if the corporation has committed certain acts which have a sufficient nexus to the state. General Statutes 33-411 (c). Specifically, General Statutes 33-411 (c) provides:
 Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, or any cause of action arising as follows: (1) out of any contract made in this state or to be performed in this state.
General Statutes 33-411 (c).
Once the existence of a contract is established, the inquiry under General Statutes 33-411 (c)(1) is effectively incorporated into the constitutional due process analysis, because the reach of General Statutes 33-411 (c)(1) extends to constitutional limits. General Statutes 33-411 (c)(1) "must be read to authorize the assertion of jurisdiction in every instance where a cause of action arises out of a contract made or to be performed [in Connecticut] so long as there are sufficient total contacts to meet constitutional requirements." Electric Regulator Corp. v. Sterling Extruder Corp., 280 F. Sup. 550, 556 (D. Conn. 1968).
For a court to assert jurisdiction over a foreign corporation pursuant to General Statutes 33-411 (c)(1), it is clear that the underlying contract must contemplate or encompass some contact with Connecticut. However, that contact need not always be by the defendant.
 The language of 33-411 (c)(1) does not expressly require contemplated performance in this state by the party over whom jurisdiction is sought. . . . There is no indication CT Page 10602 . . . that the Connecticut legislature intended that the language `to be performed in this state' should be given a limited construction to require performance in this state by the party over whom jurisdiction is sought. It would not be appropriate, therefore, for this court to impose such a limitation on the statute.
Bowman v. Grolsche Bierbrouwerij B. V., 474 F. Sup. 725,731-32 (D. Conn. 1979) (citations omitted). The Bowman court went on to hold that where a contract "clearly contemplated and required performance" in Connecticut, General Statutes 33-411 (c)(1) subjected the defendant to suit. Bowman v. Grolsche Bierbrouwerij B. V., supra 732.
Thus, the plaintiff must initially establish prima facie that a contract existed and that it was to be performed in Connecticut within the meaning of General Statutes 33-411 (c)(1). The plaintiff's evidence of the contract consists of an affidavit of the plaintiff along with a copy of the contract between the plaintiff and defendant. Moreover, the contract contemplates some contact with this state. Specifically, the contract required performance in Connecticut; the contract provided that the defendant shall:
 Assemble and hookup all lighting control stations and audio control stations.
 Provide and hookup all jacks and connector plates. Provide all wiring through conduits and pull boxes within house such as from master bedroom and library to equipment room in basement.
 Antenna wiring from attic to basement shall be by us through steel conduit by others.
 TRANSTEK will install and align all the entrances in the attic. (flooring in attic may be needed)
CT Page 10603
 TRANSTEK shall hook-up the entire low-voltage side of the lighting control system, control stations, computer, power supplies, data-input module, drivers for external remote (QOR) dimmers, module data lines, etc.
 TRANSTEK will be repsonsible [responsible] for all programming of all systems we sell.
 TRANSTEK shall deliver, install, and connect all audio, video, infrared, and television (RF) purchased from us.
 CLIENT may choose between allowing our field engineers and installers to stay at the house during the intensive, continuous (final) part of the project; or paying for a local motel. (We would like this to take place before you move in.)
Exhibit A, Contract between plaintiff and defendant. A reading of the contract which discloses the defendant's duties establishes that the defendant was to provide on-site work and supervision. Therefore, it is apparent that the contract was to be performed to a substantial extent in this state. Thus, this court finds that the plaintiff has met its burden showing that the defendant entered into a contract "to be performed in this state" under General Statutes 33-411(c)(1).
Our inquiry does not, however, stop here. Once it is determined that there is an adequate connection between the defendant's actions and the plaintiff's cause of action to satisfy the requirements of General Statutes 33-411(c)(1), the Connecticut long-arm statute authorizes jurisdiction if such an exercise comports with the principles of due process. The United States Constitution authorizes state courts to assert jurisdiction over non-resident defendants only when minimum contacts exist between the defendant and the forum state. The nature of these contacts must be such that requiring the defendant to defend in the forum state does not offend traditional notions of fair play and substantial justice." World-Wide Volkswagon Corp. v. Woodson, supra, 292; International Shoe Co. v. CT Page 10604 Washington, supra; Millikan v. Meyer, supra, 463. Thus, it is a basic principal of due process and federalism that a state may not "make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties or relation." International Shoe Co. v. Washington, supra 319. These requisite "minimum contacts necessary to subject a defendant to suit are not determined through a mechanical or quantitative evaluation of the defendant's activities in the forum, but rather through a qualitative examination of the relationship among the defendant, the forum, and the litigation. Shaffer v. Heitner, 433 U.S. 186,204 (1977).
This evaluation centers on the question of whether the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476
(1985).
However, when a corporation contracts with an out-of-state party, the contract alone cannot establish sufficient minimum contacts in the other party's home forum. The key is not the contract itself but the attendant circumstances — the "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing, that must be evaluated." Burger King v. Rudzewicz, supra 478-79.
Thus, the key question is whether the "defendant's conduct and connections with the forum state are such that he should reasonably anticipate being haled into court there. Worldwide, supra 297.
Applying these principals to the case presently before this court, this court determines that the defendant has sufficient minimum contacts with this state. Specifically, the defendant substantially performed the contract in Connecticut since the defendant was to provide on-site supervision, although the preparation of drawings and other design work were to occur in Pennsylvania. Consequently, the possibility of a lawsuit in this state could not be a surprise to the CT Page 10605 defendant.
As for the defendant's argument that the plaintiff has not alleged "minimum contacts" in her complaint, "it has not been the practice in this state to require that minimum contacts be made apart of the allegations in the complaint." Standard Tallow Corp. v. Jowdy, supra 52-53.
Accordingly, the defendant's motion to dismiss is denied.
PICKETT, J.