[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #107 AND MOTION FORDISCOVERY #110
The plaintiff brings this medical malpractice action against the defendant, Dermopathology Associates of New York, an association of physicians that practice dermopathology in the CT Page 10667 State of New York. In his amended complaint, the plaintiff alleges that his Connecticut physician sent tissue samples to the defendant, and that the defendant's agents or employees were negligent in diagnosing the tissue samples.
On July 27, 1995, the defendant filed a motion to dismiss (#107) on the ground of lack of personal jurisdiction pursuant to Practice Book § 143(2). The defendant contends that the long arm statute, General Statutes § 52-59b, does not provide a basis for personal jurisdiction. The defendant also contends that §§ 33-411 and 33-412, which apply to foreign corporations, are not applicable because the defendant is not a corporation. The plaintiff filed an objection in which he argues that a hearing should be held with respect to the issue of personal jurisdiction, pursuant to Standard Tallow Corp. v. Jowdy,190 Conn. 48, 459 A.2d 503 (1983).
The plaintiff alleges that the defendant is a professional association. The plaintiff's allegation is supported by the defendant's affidavit in which the affiant, Dr. Alan Halperin, the proprietor or owner of the association, states that at the time of the diagnosis which is the subject of the plaintiff's complaint (January 1992), the defendant was an association of doctors known as Dermopathology Associates of New York. (Halperin affidavit, ¶ 13.) The affiant further states that another entity, known as Dermopathology Associates of New York, P.C., a professional corporation which is not a defendant in this action, was formed in January of 1993. (Halperin affidavit, ¶ 9.) The court notes that §§ 33-411 and 33-412, which apply to foreign corporations, are not applicable to the nonresident defendant association that allegedly misdiagnosed the plaintiff's tissue samples.
Under the long arm statute, General Statutes § 52-59b, jurisdiction may be exercised over a non resident who "(1) Transacts any business within the state; or (2) commits a tortious act within the state . . . or (3) or commits a tortious act outside the state causing injury to person or property within the state . . . if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." CT Page 10668
In its affidavit in support of its motion to dismiss, the defendant's affiant states that Dermopathology Associates of New York, P.C.: does not maintain a business office in Connecticut (¶ 5); does not have employees in Connecticut (¶ 6); did not examine the plaintiff's tissue samples (¶ 16); and did not solicit or advertise to the plaintiff's Connecticut physician (¶¶ 17-21). All of the affiant's statements pertain to an entity known as Dermopathology Associates of New York, P.C., an entity that was formed in January of 1993, and which is not a defendant in this action. What is relevant for purposes of the present motion is whether the defendant, an entity known as Dermopathology Associates of New York, and the entity whose agents or employees allegedly misdiagnosed the plaintiff's tissue samples (in January of 1992) had sufficient minimum contacts with the State of Connecticut. Upon careful scrutiny of the defendant's affidavit, the statements contained therein do not prove that this court lacks personal jurisdiction over the defendant, Dermopathology Associates of New York. Furthermore, the record is devoid of any other evidence with respect to the issue of personal jurisdiction.
Plaintiff has filed Motion #110 requesting an evidentiary hearing and discovery. The motion is granted and the court orders a hearing with respect to the issue of personal jurisdiction pursuant to Standard Tallow Corp. v. Jowdy, supra, 190 Conn. 52-56 and allows discovery limited to the jurisdictional issue. See also Beizer v. Asher, 11 Conn. L. Rptr. No. 3, 74 (1994).
The court will not rule on the defendant's motion to dismiss but the motion may be reclaimed for argument at the StandardTallow hearing.
BALLEN, JUDGE