[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Interacter, Inc, is a Delaware corporation with its principal place of business in Meriden, Connecticut. The defendant is a foreign corporation with offices in the State of Illinois. The parties entered into an agreement whereby the plaintiff would assemble certain of the defendant's products in the Town of Meriden in accordance with the defendant's specifications.
The parties memorialized their agreement in purchase orders which the defendant faxed and mailed to the plaintiff in September, 1993. During the course of production several oral and written modifications to the agreement were made. The defendant also contracted with two other companies in the state, Prototype Plastic Mold (Prototype) and Custom Screen Printing Company (Custom), each of which delivered the component parts to the plaintiff for final assembly and shipment to the defendant. The CT Page 12934 plaintiff brought this action for breach of contract, alleging that the defendant has failed to pay for a shipment delivered to its Illinois plant.
The defendant moved to dismiss the action on the ground that this court lacks personal jurisdiction. In order to determine the challenge to personal jurisdiction over a nonresident, the court must decide whether the long arm statute, General Statutes, § 33-411, authorizes the exercise of jurisdiction under the particular facts of the case and, further, whether it would offend constitutional principles of due process to assert jurisdiction. See, Frazer v. McGowan, 198 Conn. 243, 246 (1986). Although the court is bound to "consider the allegations of the complaint in their most favorable light," Antinerella v. Rioux,229 Conn. 479, 489 (1994), "the burden of proof is on the plaintiff to prove jurisdiction over the person when constructive service is used." Standard Tallow Corporation v. Jowdy,190 Conn. 48, 54 (1983).
The complaint alleges that the defendant was "transacting business" in this state, as defined by § 33-411(b) of the General Statutes, by entering into agreements with the plaintiff corporation and the other state companies for the manufacture and assembly of the defendant's finished product. Furthermore, it is alleged that the defendant's conduct was not an "isolated" or "single purposeful" transaction, nor did its course of conduct fall within the exclusions of § 33-397, General Statutes, as purchases of personal estate.
The plaintiff offered evidence to prove that the defendant's contacts in this state were carried out over a period of several months under the terms of the contract, thereby making inapplicable the provisions of General Statutes, § 33-397(b)(9) exempting "an isolated transaction completed within a period of thirty days and not in the course of a number of repeated transactions of like nature."
The evidence further established that Prototype holds a proprietary mold for the defendant, thereby allowing continued production of orders without the delay of casting a new mold with each order. As noted earlier, the parties entered into an agreement for performance of the work done in Connecticut by the plaintiff. Section 33-411(c) states that "Every foreign corporation shall be subject to suit in this state . . . whether or not such foreign corporation is transacting or has transacted CT Page 12935 business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, or any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state. . . ."
In Electric Regulator Corp. v. Sterling Extruder Corp.,280 F. Sup. 550 (D. Conn. 1968), the court held it to be ". . . a general rule, followed in Connecticut, that a contract is made when and where the last thing is done which is necessary to create an effective agreement." Id., 555; Hager v. Zaidman,797 F. Sup. 132, 136 (D. Conn. 1992) (The last act occurred in California where the contract subparts were executed. "The mere fact that negotiations for the Agreement occurred for three days in Connecticut does not bring it within the ambit of § 33-411(c)(1).").
The plaintiff's acceptance of defendant's purchase orders was the last act constituting the creation of an effective agreement. The creation of the contract in this state thereby subjects the defendant to personal jurisdiction pursuant to the provisions of General Statutes, § 33-411(c)(1).
The defendant's claim that it is exempted under the provisions of § 33-397(a) and (b)(5) (8) are without merit. In light of the decision in Thomason v. Chemical Bank,234 Conn. 282 (1995), the width of the light in which the court must view the allegations of the complaint has been extended to look at the totality of the defendant's contacts within Connecticut in order to determine jurisdiction. In so doing, the subcontracts with Prototype and Custom, including delivery of unfinished parts to the plaintiff for final assembly, are relevant and persuasive that it was reasonably foreseeable by the defendant that, as a result of its activities within the state, suit could be brought in Connecticut on a cause of action for breach of contract.
The motion to dismiss is denied.
BY THE COURT:
LEANDER C. GRAY, JUDGE CT Page 12936