[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS (#138 AND #142)
The plaintiffs, David and Marie Goldstein, commenced this action in order to recover damages for personal injuries allegedly caused by a nutritional supplement known as PB 8. On August 23, 1996, the apportionment defendant, Forage Research, Inc. d/b/a Star Labs, Inc. (Forage), filed a motion to dismiss (#138) the apportionment complaint for lack of personal jurisdiction. Thereafter, the plaintiffs amended their complaint to include claims against Forage. Forage then filed a motion to dismiss (#142) the plaintiff's complaint for lack of personal jurisdiction. In both motions, Forage argues that the court lacks personal jurisdiction because Forage, as a foreign corporation, has no contacts with the state of Connecticut and had no reasonable expectation that its product would be used or consumed in Connecticut as required by General Statutes § 33-411 (c)(3) (now § 33-929 (e)(3)), the long-arm statute. In support of these motions, Forage submitted a memorandum of law along with the affidavit of Cliff Boyer, the president of Forage.
In response to the above motions to dismiss, the plaintiff filed a motion for extension of time in order to conduct discovery and hold an evidentiary hearing pursuant to StandardCT Page 6831Tallow Corp. v. Jowdy, 190 Conn. 48, 459 A.2d 503 (1983). That motion was granted by the court, Lewis, J., until March 21, 1997. The apportionment plaintiff, Nutrition Now, Inc. (Nutrition Now), filed a similar motion for a four month extension of time. That motion was granted on January 8, 1997. A second motion by Nutrition Now to postpone the evidentiary hearing until two months after discovery is complete was granted on March 17, 1997.
Despite these extensions of time, both motions to dismiss appeared on the March 3, 1997 Short Calendar. Motion #138 was marked as "non-arguable," and motion #142 was marked as "arguable." Nevertheless, none of the parties appeared at the March 3, 1997 Short Calendar, and, therefore, the evidentiary hearing requested by the plaintiffs and Nutrition Now was never held.
A determination of whether Forage had sufficient minimum contacts with Connecticut and whether Forage had a reasonable expectation that its product would be used or consumed in Connecticut are fact questions. See Standard Tallow Corp. v. Jowdy,
supra, 190 Conn. 56. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Id. Both Nutrition Now and the plaintiffs have requested an evidentiary hearing prior to deciding Forage's motions to dismiss. In the absence of a trial-like hearing in the present case, Forage's motions to dismiss are denied without prejudice. Accordingly, upon motion, this matter should be scheduled for an evidentiary hearing to determine the issue of personal jurisdiction.
D'ANDREA, J.