[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FORORDER OF COMPLIANCE, QUASHING DEPOSITIONS AND SANCTIONS
This appears to be a case of first impression, there being no Connecticut Appellate or Supreme Court decisions thereon.
This action is a product liability action arising out of a single vehicle roll over accident which occurred on June 21, 1995. It is alleged that Heather Waitt suffered a traumatic brain injury as a result of the accident and Tara Padula died as a result of the accident. The plaintiffs are the administrators of the respective estates of both individuals. This action was commenced by way of a complaint dated June 18, 1997, nearly two years following the accident. The defendant, Chrysler Motors Corporation, hereinafter, "Chrysler", claims that it has no witness statements in its possession that predate the filing of this lawsuit.
The dispositive issue in these motions is whether the plaintiffs are entitled, under discovery, to copies or transcripts of non-party witnesses' statements obtained by Chrysler. Chrysler has refused to provide to the plaintiffs copies of these statements which refusal has resulted in the above motions.
The granting or denial of a discovery request rests within the sound discretion of the court. Standard Tallow Corp. v.Jowdy, 190 Conn. 48, 57 (1983). CPB § 219 provides in pertinent part: ". . . a party may obtain discovery of documents and tangible things otherwise discoverable under Sec. 218 and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he CT Page 2 is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall not order disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."
Under the Superior Court decisions cited by plaintiffs, the statements of the witnesses were "fresh" statements made at or shortly after the accident in question as opposed to statements made much later. These courts have indicated, and this court agrees, that there is a substantial need for statements that are "fresh" as opposed to those statements taken much later. In the case at bar the statements taken by Chrysler were obtained more than two years following the accident and can hardly be considered "fresh".
It is clear that the interviews, conducted by investigators at the direction of Chrysler's attorneys, were prepared in anticipation of trial and that, therefore, the interviews/statements are the work product of the attorneys for Chrysler. In view of the fact that the statements were not taken until more than two years following the accident and the plaintiffs still have an opportunity to interview the same witnesses, plaintiffs have failed to show the requisite substantial need of the materials in the preparation of their case and have not made the requisite showing that they are unable without undue hardship to obtain the substantial equivalent of the materials by other means. In some of the cases cited by the plaintiffs, there was evidence that these witnesses were unavailable to the party seeking their statements either by not being located or by refusing or neglecting to comply with the request for an interview. Plaintiffs have not alleged, much less shown, that there is any undue hardship on their part to interview these same witnesses. According to Chrysler's memorandum, these statements which are sought by the plaintiffs were taken approximately six months ago. Since those statements are not "fresh", this court sees little difference in the plaintiffs interviewing the same witnesses at this time as opposed to six months ago. It appears that the plaintiffs can obtain without undue hardship the substantial equivalent of the statements on their own.
Further, according to the defendant Chrysler, the statements sought are not merely narrative statements, but, instead, are CT Page 3 answers to questions as posed by the plaintiffs' representative, and by seeing the questions, the plaintiffs are likely to obtain the mental impressions or legal theories of the attorneys for Chrysler since a representative thereof conducted the interviews at the direction of said attorneys.
For all of the foregoing reasons, the plaintiffs have not made the requisite showings required under Sec. 219 of the Practice Book, and are, therefore, not entitled to these statements.
Since the plaintiffs seek the quashing of the depositions until these statements are provided and sanctions as a result of not providing the statements, this decision that the statements do not have to be provided disposes of the motion to quash the depositions and the imposition of sanctions.
Accordingly, the motions for order of compliance, quashing depositions and imposition of sanctions dated January 12, 1998 are denied.
RITTENBAND, J.