[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
September 5, 1997 the defendant filed a motion to dismiss the complaint on the ground that service of process was insufficient and that, therefore, the court lacks personal jurisdiction. The sheriff's return recites that service was properly made on June 29, 1997 at the defendant's usual place of abode at 128 Forty Acre Mountain Road in Danbury, Connecticut. "The sheriff's return is prima facie evidence of the facts stated therein. . . ." (Internal quotation marks omitted.) Shawmut Bank Connecticut v.Cook, Superior Court, judicial district of Middlesex at Middletown, Docket No. 73915 February 23, 1995, Walsh, J.). See also Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53,459 A.2d 503 (1983). "Where the sheriff's return shows abode service in Connecticut, the burden rests on the defendant to prove insufficiency of service of process." Shawmut Bank Connecticut v.Cook, supra.
An evidentiary hearing was convened on February 2, 1998. At the hearing, the plaintiff testified that he received a telephone call from the defendant about a week after the papers were served. During the telephone conversation, the defendant admitted that she had received the papers.[1] The defendant and the CT Page 2746 defendant's attorney were not present at this hearing. The only evidence that the defendant has submitted to the court is her affidavit in which she attests that on June 29, 1997, she was a resident of the State of New Jersey, residing at 5 Horizon Road, Apartment 1202, Fort Lee. She continued that she had been a resident of New Jersey for fourteen years.
She has clearly failed to meet her burden of proof. The affidavit merely establishes that she is a resident of New Jersey. A defendant, however, "may have two or more places of residence within a State, or in two or more States, and each may be a usual place of abode. . . . Service of process will be valid if made in either of the usual places of abode." (Citation omitted; internal quotation marks omitted.) Clegg v. Bishop,105 Conn. 564, 570 (1927); see also Shawmut Bank Connecticut v. Cook, supra. Her affidavit does not state that the Danbury address is not her usual place of abode. The motion to dismiss is, accordingly, denied.
Moraghan, J.