[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISISS #105
The present case arises from the transmission of an alleged defamatory e-mail concerning the plaintiffs by the defendant, Lisa Oliver, from her home in Virginia to some 31 addresses in and around Watertown, Connecticut via America Online, Inc., The plaintiffs have brought suit against the parents of Lisa, Steven and Roberta Wexier (hereinafter the Wexlers), alleging causes of action sounding in negligence, recklessness, violation of public policy and negligent infliction of emotional distress in that the Wexlers essentially failed to control the use of their computer thereby allowing the alleged defamatory e-mail to be sent via their computer. CT Page 10219
This case was instituted on March 9, 1999 against the Wexlers by service of the writ, summons, complaint, amount in demand and exhibits upon the Secretary of State as the Wexlers' registered agent for service and by mailing of the same to the Wexlers at their home at 912 Forest Lake Circle, Chesapeake, Virginia by certified mail. The Wexlers filed an appearance on May 7, 1999. On June 2, 1999, the present motion to dismiss for lack of personal jurisdiction was filed by the Wexlers.
The Wexlers argue that the court does not have personal jurisdiction over them because they lack the required minimum contacts with Connecticut. In support of their motion, the Wexlers filed a memorandum of law and an affidavit from each one. The plaintiffs did not file an opposing memorandum of law or counter-affidavits in opposition to this motion. The plaintiffs counsel, however, did argue at oral argument that sufficient minimum contacts do exist and that they should be allowed the opportunity to depose the parties to determine the facts that support personal jurisdiction over the Wexlers.
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to `decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process.' Frazer v. McGowan, 198 Conn. 243,246, 502 A.2d 905 (1986); see Thomason v. Chemical Bank,234 Conn. 281, 286, 661 A.2d 595 (1995); Lombard Bros., Inc. v.General Asset Management Co., 190 Conn. 245, 250, 460 A.2d 481
(1983)." Knipple v. Viking Communications, 236 Conn. 602, 606,674 A.2d 426 (1996). "If a challenge to the court's personal jurisdiction is raised . . . by a nonresident individual [defendant], the plaintiff must bear the burden of proving the court's jurisdiction." Id., 607.
The Connecticut long-arm statute, § 52-59b (a) states: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . . who (1) Transacts any business within the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or (3) commits a tortious act outside the state causing injury to person or property within the state, CT Page 10220 except as to a cause of action for defamation of character arising from the act, if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or () expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state." The Wexlers have averred in their affidavits that they neither own any property or other assets in the state nor transact any business in this state. The plaintiffs have made no allegations in their complaint as to personal jurisdiction over the Wexlers. Although they are not required to do so, when the Wexlers challenged the court's jurisdiction it was incumbent upon the plaintiffs to prove the facts upon which they claim the requisite minimum contacts with the state exist. See Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53,459 A.2d 503 (1983). The plaintiffs, however, have provided no counter-affidavits establishing a question of fact regarding the jurisdictional facts.
In considering the requirements of the long-arm statute along with the complaint, the court believes the plaintiffs' claim of personal jurisdiction falls under the third prong of the statute that provides jurisdiction for the commission of a tortious act outside of the state which causes injury inside the state. Although the plaintiffs have alleged the tortious act and the related injury, the plaintiffs have failed to show that the Wexlers have any regular business activity in the state, engage in any persistent course of conduct in the state, derive substantial revenues in this state or that they expect or should reasonably expect their alleged acts to have consequences in this state and that they derive substantial revenue from interstate or international commerce.
Because the plaintiffs have failed to prove that the requirements of the long-arm statute are satisfied, the court finds that it has no personal jurisdiction over the Wexlers and therefore grants their motion to dismiss the action against them.
The plaintiffs claimed at oral argument that they should be allowed to depose all the parties in order to find the minimum contacts necessary to support personal jurisdiction. Although some discovery may be allowed to establish facts pertaining to personal jurisdictional discovery may be denied if the court finds CT Page 10221 that there is no need to resolve contested facts. See StandardTallow Corp. v. Jowdy, supra, 190 Conn. 57. The plaintiffs had an opportunity at oral argument to present evidence contradicting the Wexlers affidavits. However, they failed to do so. The court has found that there is no question of any fact and therefore denies the plaintiffs request for discovery.
SANDRA VILARDI LEHENY, J. CT Page 10220 — 10223
[EDITORS' NOTE: The case contained on this page is now located on Pages 9807 — 9810] CT Page 10224