[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The following facts are taken from the plaintiffs complaint, filed on February 2, 2000. The plaintiff, Tri-County Distributors, Inc., is a Connecticut corporation located in East Lyme, Connecticut. The Defendant, F.I. Village Market, Inc., is a New York corporation located in the town of Fishers Island, New York. The defendant had an open account for deliveries of alcoholic beverages with the plaintiff. Allegedly the defendant defaulted, and owes plaintiff over $12,000 in principal and accrued interest. The complaint does not allege facts regarding the court's jurisdiction over the person of the foreign defendant.
The defendant entered an appearance on March 7, 2000, and filed a motion to dismiss for lack of personal jurisdiction on March 23, 2000. The defendant included with its motion to dismiss an affidavit that avers that all business between the parties was done by mail or phone except for deliveries from the plaintiff, which were always received in New York.
The plaintiff in its memorandum in opposition to the motion to dismiss, filed April 14, 2000, argues, inter alia, that William Bloethe, the president of the defendant company, occasionally traveled to Connecticut to personally pick up deliveries of beer and merchandising materials, and to dispute bills that were owing. The plaintiff filed an affidavit from Stephen Salomonson, Operations Manager/Vice President of the plaintiff, and other evidence, including documents showing that Bloethe transferred property in Connecticut and UCC filings listing Bloethe. (Plaintiffs exhibits C and D.)
The defendant submitted an affidavit with its reply to the plaintiffs opposition to motion to dismiss, wherein Bloethe reiterates that he never traveled to Connecticut to pick up beer, or to conduct business.
The question before the court, posed by the defendant's motion to dismiss, is whether the court has jurisdiction over the person of the defendant.
 DISCUSSION
CT Page 8281
This court cannot make a decision regarding personal jurisdiction presented by the motion to dismiss at this point, but must first hold an evidentiary hearing pursuant to Standard Tallow Corp. v. Jowdy,190 Conn. 48, 56, 459 A.2d 503 (1983) ("When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses.").
"[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Emphasis added; internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford,247 Conn. 407, 410-11, 722 A.2d 271 (1999). Furthermore, "[t]he motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containingundisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Emphasis added; internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988).
Here, the plaintiff alleges no facts to establish personal jurisdiction in its complaint. Instead the plaintiff has merely filed affidavits and other evidence regarding personal jurisdiction. The defendant disputes the plaintiff's affidavits and evidence regarding personal jurisdiction. Thus the affidavits do not contain "undisputed facts" as required byBarde v. Board of Trustees, supra, 207 Conn. 62. If the plaintiff had placed its allegations in support of personal jurisdiction in its complaint, the court could have relied on those allegations to make a determination regarding personal jurisdiction. See Lawrence Brunoli,Inc. v. Branford, supra, 247 Conn. 410-11. Affidavits, however, do not merit this deference. See Standard Tallow Corp. v. Jowdy, supra,190 Conn. 56 ("A motion to dismiss may . . . raise issues of fact and would, therefore, require a . . . hearing [to determine the facts]. . . . [A]ffidavits are insufficient to determine the facts unless . . . they disclose that no genuine issue as to a material fact exists." (Internal quotation marks omitted.)). Therefore, because the opposing party's affidavits contain disputed facts, the court must hold an evidentiary hearing to determine the jurisdictional dispute in question.
Counsel are ordered to contact the civil caseflow office to schedule a time for the required hearing. CT Page 8282
Martin, J.