[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 104)
Before the court is the defendant's motion to dismiss for lack of subject matter jurisdiction based on lack of standing. On October 20, 1999, the plaintiff, Gus Efthimiou, Executor of the Estate of Eleanor C. Smith, filed an application for a prejudgment remedy (PJR) seeking an attachment of certain real and personal property of the defendants, Jody Roher Smith, individually and as trustee of the Westville Trust, and Vorlan Holding, LLC, a Connecticut limited liability company of which Jody Roher Smith is the sole member and manager. The plaintiff's one-count complaint alleges that the defendant, Jody Roher Smith, aided and abetted the decedent's son, Richard B. Smith, to remove certain assets from the H.H. and E.C. Smith trust with the intent to wrongfully deprive the decedent's estate of its assets. The complaint further alleges that the H.H. and E.C. Smith trust is the primary asset of the estate of Eleanor C. Smith.
On November 4, 1999, before the hearing on plaintiff's motion for a prejudgment remedy, the defendants filed a motion to dismiss for lack of subject matter jurisdiction based on standing.[1] The defendants have filed a memorandum of law in support of their motion to dismiss. The plaintiff has filed a memorandum in opposition thereto. The plaintiff has also filed a supplemental memorandum.[2]
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . " Practice Book § 10-31. "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998). " [W]hen a court's subject matter jurisdiction is CT Page 9547 contingent on the finding of certain facts, the court must conduct an evidentiary hearing before dismissing the action for lack of jurisdiction." Federal Deposit Ins. Corp. v. Peabody, N.E., Inc.,239 Conn. 93, 106, 680 A.2d 1321 (1996); see also, Standard Tallow Corp.v. Jowdy, 190 Conn. 48, 56, 459 A.2d 503 (1983).
"Standing is . . . a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury [that the complainant] has suffered or is likely to suffer, in an individual or representative capacity." (Internal quotation marks omitted.) Connecticut Associated Builders Contractors v. Hartford,251 Conn. 169, 178, 740 A.2d 831 (1999).
The defendants argue that Eleanor Smith transferred all her interest in the H.H. and E.C. Smith trust and the rest of that trust by virtue of a settlement agreement entered into by Eleanor Smith and her sons, Richard Smith (ex-husband of the defendant, Jody Roher Smith) and Bruce Smith. The settlement agreement provides for a transfer of interest to Richard and Bruce on the death of Eleanor, who died on February 19, 1994. The defendants argue that because of this total transfer of interest, the estate of Eleanor Smith has no interest in the assets of the trust, nor the trust itself, and, therefore, the executor lacks standing to bring this claim. In response, the plaintiff argues that as executor of the estate of Eleanor Smith, he has a duty to protect and preserve the assets of the estate, and, therefore, he has standing to bring this action. The plaintiff further argues that the complaint alleges that the property in question is part of the estate, and that on a motion to dismiss, the court must take all well-pleaded facts as true.
The question of whether the plaintiff has standing to pursue this claim involves mixed questions of fact and law that cannot be decided on the face of the pleadings before the court. Although the complaint alleges that the H.H. and E.C. Smith trust is the primary asset of the estate of Eleanor Smith, the settlement agreement submitted by the defendants with their memorandum in support suggests otherwise. In a case such as this, "where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." (Internal quotation marks omitted.) Standard Tallow Corp. v. Jowdy,
supra, 190 Conn. 56. Therefore, the court should hold a trial-like hearing pursuant to Standard Tallow Corp. v. Jowdy, supra, 190 Conn. 48, in order to determine whether, in fact, the H.H. and B.C. Smith trust is an asset of the estate of Eleanor Smith. CT Page 9548
Based on the foregoing, the court will hold a trial-like hearing in order to determine the factual questions necessary to resolve the issue of standing in this case.
SKOLNICK, J.