[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court, is the defendant, Helen Rothgeb's Motion to Dismiss. The defendant seeks to have the case dismissed on that grounds that the plaintiff has failed to effectuate service on the her; and that Meriden is the improper venue for this action. Although the plaintiff objects to the motion, for reasons stated forthwith, this court grants the motion.
 FACTS
The pertinent facts are the following. The plaintiff, Progressive Northwest Insurance Company (Progressive), filed a one count complaint against the defendants, Helen Rothgeb (the movant) and Matthew Kirkland, seeking reimbursement for sums paid to its insured, Darlene Schneider. CT Page 12587 Ms. Schneider claimed to have been injured in a motor vehicle accident that occurred in Greenwich, Connecticut on January 5, 1998. That collision involved a vehicle owned by the defendant, Rothgeb, and driven by the defendant, Kirkland. In its complaint, Progressive alleges that Kirkland operated Rothgeb's vehicle with her permission and/or the permission of her family member, Tabitha Rothgeb.
The deputy sheriff's return reveals that he left the writ, summons, complaint and statement of amount in demand at the Connecticut motor vehicle department in Wethersfield, Connecticut as the "agent for service" for the two nonresident defendants. The deputy sheriff also deposited a postage paid and certified, return receipt request, copy of the original writ, summons, complaint and statement of amount in demand in the post office, addressed to each nonresident defendant at different addresses in Wilmore, Kentucky. The action was made returnable to this court on January 18, 2000.
Rothgeb filed an appearance and subsequently filed a motion to dismiss the action. The plaintiff filed an objection, to which the defendant, Rothgeb submitted a reply. Attached to the defendant's reply brief was an affidavit in which she attests that she did not grant permission to anyone to operate her motor vehicle; and that she had reported her motor vehicle stolen on January 2, 1998, three days before the collision giving rise to this action. Additionally, the defendant submitted a copy of the "Uniform Offense Report Commonwealth of Kentucky" as an exhibit to her motion to dismiss.[1] At oral argument, the defendant submitted a facsimile copy of an April 27, 1999 certified judgment[2] obtained by Helen Rothgeb's insurer, Kentucky Farm Bureau Mutual Insurance Co., in Kentucky, which held that the insurer had no obligation to provide a defense for the acts of Matthew Kirkland because he converted the motor vehicle. The plaintiff also filed a motion to transfer the cause of action to the judicial district of Stamford-Norwalk at Stamford.
 LEGAL DISCUSSION
Rothgeb brings this motion to dismiss pursuant to Practice Book §10-30, on the grounds that the court lacks jurisdiction over her person and that the venue is improper. "The motion to dismiss shall be used to assert . . . (2) lack of jurisdiction over the person, (3) improper venue. . . ." Practice Book § 10-31. Rothgeb argues that the court lacks jurisdiction over her person because Progressive did not effectuate proper service of process. "Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss." (Internal quotation marks omitted.) Kim v. Magnotta, 249 Conn. 94, 102, 733 A.2d 809 (1999). "Facts showing the service of process in time, form, and manner CT Page 12588 sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Emphasis in original; internal quotation marks omitted.) Bridgeport v. Debek,210 Conn. 175, 179-80, 554 A.2d 728 (1989).
In the present case, Progressive caused process to be served on the Connecticut motor vehicle department, as agent for the nonresident defendants, and posted a copy of the writ and summons, via certified mail, to an address in Kentucky, pursuant to General Statutes §52-62.[3] This statute allows for service upon the commissioner of the motor vehicle department when the non-resident operator/tortfeasor operates a motor vehicle in Connecticut, or when a non-resident owner causes his/her vehicle to be operated in Connecticut. In her sworn affidavit Rothgeb states that she did not grant permission to Tabitha Rothgeb or Kirkland to operate her vehicle on January 5, 1998 and, in fact, reported the vehicle stolen on January 2, 1998.
Defendant Rothgeb argues that General Statutes § 52-62 does not apply to this case because she did not operate the vehicle involved in the January 5, 1998 accident, nor did she "cause" operation of the vehicle within Connecticut.
In its opposition to the facts asserted in the defendant's affidavit, Progressive simply restates the allegations in its complaint: that Kirkland operated Rothgeb's vehicle as her agent, servant, employee, or otherwise with her permission. But Progressive offers no documentary evidence to support this claim. Progressive argues that this court has personal jurisdiction over the defendant because it properly served Rothgeb pursuant to section 52-62. Progressive presents argument without factual proof that Kirkland operated Rothgeb's vehicle in Connecticut as her agent, employee, or otherwise with her permission.
"The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.) Barde v. Board of Trustees.207 Conn. 59, 62, 539 A.2d 1000 (1988).
"[The] court has recognized that the burden of proof is on the plaintiff to prove jurisdiction over the person when constructive service is used. . . . When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which CT Page 12589 will establish jurisdiction." (Citations omitted.) Standard Tallow Corp.v. Jowdy, supra, 190 Conn. 54. "To meet this burden, the plaintiffs must do more than merely rely on conclusory allegations in their complaint. Instead, they must make at least a prima facie showing of jurisdiction through their own affidavits or supporting materials. Fuehrer v.Owens-Corning Fiberglass Corp., supra, 673 F. Supp. [1150] at 1153 [(D.Conn. 1986)]. A decision to grant a motion to dismiss may appropriately be based upon uncontroverted affidavits or materials from the party seeking dismissal. Id." Goldstein v. Nutrition Now, Inc.,
Superior Court, judicial district of Waterbury, Docket No. 150429 (August 23, 1999, Sheldon, J.) (25 Conn.L.Rptr. 447)."The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction. When jurisdiction is based on constructive service, jurisdiction cannot arise solely from the acts recited in the return. There should be no presumption of the truth of the plaintiff's allegation of the additional facts necessary to confer jurisdiction." (Internal quotation marks omitted.) Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53, 459 A.2d 503
(1983).
Because Progressive alleges that Kirkland operated Rothgeb's vehicle as her agent, servant, employee, or otherwise with her permission, it served process on Rothgeb pursuant to General Statutes § 52-62, which involves constructive service, rather than abode or personal service. Because the plaintiff has failed to dispute the facts presented by the defendant which support the conclusion that the tortfeasor operated the motor vehicle without Rothgeb's consent, this court concludes that Progressive has not presented a prima facie case that it properly served the writ, summons and complaint upon Rothgeb. Accordingly, the court did not acquire jurisdiction over Rothgeb's person. Because the court grants Rothgeb's motion to dismiss for lack of personal jurisdiction, there is no need to consider the other ground for Rothgeb's motion that venue was improper.
 CONCLUSION
Progressive used constructive service of process pursuant to General Statutes § 52-62 to serve the writ, summons and complaint on the defendant, Rothgeb. Because it used constructive service of process, Progressive has the burden of establishing jurisdiction, which it fails to do. Thus, because Progressive failed to properly serve the writ, summons and complaint upon Rothgeb, the court is deprived of personal jurisdiction over Rothgeb. Consequently, this court grants Rothgeb's motion to dismiss. CT Page 12590
Robinson, J.