[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 12873
The plaintiff Thomas Cimini filed an action sounding in negligence on August 14, 2000. The plaintiff alleges that on August 10, 1993, he was driving east bound in the right lane of Post Road in Fairfield, Connecticut. At the same time, an ambulance, driven by Michael S. Walker and owned by Ace Ambulance Service, was traveling east bound in the left lane of Post Road in Fairfield, Connecticut. The ambulance suddenly and without warning allegedly attempted to switch from the left lane to the right lane and collided with the driver's side door and the left front fender of the plaintiff's vehicle. As a result of the accident, the plaintiff allegedly sustained a variety of painful and debilitating injuries.
On September 3, 1996, Ace Ambulance Service changed its name to Medtrans-Connecticut, Inc. (hereafter "Medtrans"). On August 1, 2000, the plaintiff acting pursuant to General Statutes § 33-929(b), served process on CT Corporation System as the statutory agent for service for Medtrans. On September 19, 2000, the defendant Medtrans filed a motion to dismiss the plaintiff's action on the ground that this court lacks personal jurisdiction over Medtrans. The court heard oral argument on the motion on October 10, 2000.
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Brackets in original.)Knipple v. Viking Communications, Ltd., 236 Conn. 602, 606, 674 A.2d 426
(1996). "When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence that will establish jurisdiction." Standard Tallow Corp. v. Jowdy, 190 Conn. 48,54, 459 A.2d 503 (1983).
Determining "whether sufficient minimum contacts with Connecticut exist is a fact question. . . . A motion to dismiss may . . . raise issues of fact and would, therefore, require a . . . hearing [to determine the facts] . . . [A]ffidavits are insufficient to determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists. In almost every setting where important decisions turn on questions of fact, due I process requires an opportunity to confront and cross-examine adverse witnesses. When issues CT Page 12874 of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Brackets in original; citations omitted; internal quotation marks omitted.) Standard Tallow Corporation v. Jowdy, supra, 190 Conn. 56.
Here the plaintiff has not met its burden and based on the facts presented in the record the court cannot determine if personal jurisdiction exists. This case presents a very complicated series of corporate name changes, foreign corporations withdrawing from transacting business in Connecticut, and mergers. The plaintiff has submitted attached to its memorandum of law in opposition to defendant's motion to dismiss certified copies of the following: (1) a certificate amending or restating certificate of incorporation filed by Ace Ambulance Service on August 8, 1996 whereby its name is changed to Medtrans-Connecticut, Inc.; (2) an application for certificate of withdrawal filed by Laidlaw Medical Transportation on November 16, 1998; and (3) a certificate of merger between Medtrans and American Medical Response of Connecticut filed on December 3, 1997. From this record the court cannot discern who was the proper agent for service for Medtrans at the time this action was commenced. Therefore, the court must hold a Standard Tallow v. Jowdy
hearing to make a factual determination of who was the proper statutory agent of service for Medtrans at the time the action was commenced.
The court orders that the parties submit evidence at the hearing of all official public records recorded in the secretary of state's office from August 10, 1993 until August 14, 2000 concerning Ace Ambulance Service, Inc., Medtrans-Connecticut, Inc., Laidlaw Medical Transportation, Inc., and American Medical Response of Connecticut, Inc., including documents that demonstrate who the agent for service was during the specified time period. Until such evidence is properly before the court no proper factual determination can be made as to who was the statutory agent for service for Medtrans-Connecticut, Inc. on August 14, 2000.
For the foregoing reasons the motion to dismiss is denied pending the outcome of a trial-like hearing.
Howard F. Zoarski, Judge Trial Referee