[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On November 27, 2000, this court conducted a hearing to determine whether the court has personal jurisdiction over the Defendant, the District of Columbia Housing Authority, pursuant to Standard Tallow v.Jowdy, 190 Conn. 48 (1983). The Plaintiff is Brookridge Funding Corporation, a Delaware Corporation with a principal office located in Danbury. In January, 1999, the Plaintiff purchased from a wrecking company, Paul M. Haddad, doing business as APH Wrecking (APH Wrecking), the balance of the accounts receivable that the Defendant owed APH Wrecking. The Plaintiff now seeks to recover the balance directly from the Defendant in this action, which was filed on November 29, 1999. On March 17, 2000, the Defendant moved to dismiss this lawsuit for lack of personal jurisdiction, and on September 5, 2000, the court, Moraghan, J., called for a Standard Tallow hearing to resolve this issue.
The sole issue before the court is whether a document entitled "Notice of Purchase of Accounts Receivable" (the notice) confers jurisdiction on this court by way of the forum selection clause contained therein. Though the forum selection clause is unsupported by consideration, the Plaintiff contends that it should be enforced because it relied to its detriment on the promises made to it in the notice. The court agrees. "[A] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." (Internal quotation marks omitted.)D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 213 (1987). CT Page 15646
In this case, the Defendant's promises in the notice, including the Defendant's promise "to be subject to the [in personam] jurisdiction of the courts of the State of Connecticut" were critical to the Plaintiff's decision to purchase the accounts receivable. The Defendant's signature on the notice confirming its agreement was a condition precedent to the Plaintiff's financing and purchase of the accounts receivable of APH Wrecking.
Moreover, the Defendant should have expected that by signing the notice it would induce the Plaintiff to purchase the accounts receivable of APH Wrecking. The notice indicated that it was for this purpose, i.e., to induce the Plaintiff to provide financial services to the assignor, and the Defendant had signed similar documents before as part of prior financing arrangements with the Plaintiff.
Because the Defendant induced the Plaintiff's reliance and had reason to know that it would, this promise to subject itself to in personam jurisdiction of this court will be enforced. Accordingly, the Defendant's motion to dismiss is denied.
Hiller, J.