[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (#104)
The defendants have moved to dismiss the plaintiffs' complaint on two grounds:
1. The plaintiff, International Car Parts of Connecticut, has alleged that it is the employer of its employee, Barbara Knapp, who was injured as a result of the defendants' negligence. "Any employee . . . having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such person to recover any amount that he has paid or has been obligated to pay as compensation to the injured employee." General Statutes § 31-293
(a). The plaintiffs filed this complaint dated May 31, 2001 returnable July 3, 2001 and filed in this court date stamped June 29, 2001. As of these dates the employee, Barbara Knapp, had not commenced her lawsuit against these two defendants. Her lawsuit CV01-0184876 was brought by a complaint dated June 1, 2001, returnable July 17, 2001 and filed in this court date stamped July 16, 2001. Therefore, by statute, this instant lawsuit was commenced first. The defendants' Motion to Dismiss claims erroneously that Barbara Knapp's lawsuit was brought by a complaint dated May 18, 2001 returnable July 14, 2001. The court has examined the court file in CV01-0184876 and concludes the defendants' claim is in error.
The Motion to Dismiss for reason I is denied.
2. The plaintiffs' employer, International Car Parts of Connecticut, has standing to conmence this suit in its own name. The defendants have failed to offer evidence of the dates and/or service of notice required under General Statutes § 31-293 (a) Standard Tallow Company v. Jowdy, 190 Conn. 48, 56 (1983). Furthermore, it appears that Chubb Group of Insurance Companies is alleging in its complaint some sort of agency relationship with the employer. Neither party briefed this issue.
The plaintiff employer has statutory standing. It does not appear significant to this court whether or not the actual payor, Chubb, is named as an additional party. This issue was not adequately presented either in legal claims in a memorandum or by evidence.
The Motion to Dismiss for reason 2 is denied.
BY THE COURT
___________________ KEVIN TIERNEY Judge of the Superior Court CT Page 2884