[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
On March 27, 2002, the plaintiff, Ellen Losacano, the administratrix of the estate of the decedent, her son, Joshua Saylor, commenced this civil action against the defendants, the town of Plainfield, Myra Ambrogi, Michael Anderson, Amanda Sadosky, Jennifer Dessert, Laura Ribaudo, Jason McCallum, Charlotte Oloff and Kyle Roughman, alleging that the defendants are liable for the wrongful death of her son. On June 25, 2002, the defendants served a subpoena duces tecum and a notice of deposition to Mary Mapes, an employee of the department of children and families (department). The defendants seek Mapes' deposition testimony and the department's records pertaining to all of the plaintiff's children. On August 5, 2002, the plaintiff, pursuant to Practice Book § 13-5, filed a motion for a protective order arguing that the Mapes' deposition and disclosure of the department's records sought by the defendants will cause annoyance and embarrassment to the plaintiff. The plaintiff further argues that Mapes' deposition and the department's records pertaining to all her children are irrelevant to the present case.
On August 29, 2002, the defendants filed a memorandum in opposition accompanied with supporting documentation.[1] The defendants argue that the information and records they seek could reasonably lead to admissible information. Specifically, the defendants argue that: (1) the plaintiff does not have standing to move for a protective order because she is not the party from whom they are seeking discovery; and (2) the plaintiff has failed to satisfy her burden of showing that good cause exists which would justify this court granting her motion for a protective order.
On September 30, 2002, the plaintiff filed a reply brief in response to the defendants' memorandum in opposition. The plaintiff contends that the information the defendants seek is privileged and cannot be disclosed without her consent pursuant to General Statutes § 17a-28 (b).[2]
The plaintiff further argues that she does have standing to move for a protective order and good cause does exist in the present case because the CT Page 2509 records subject to the subpoena duces tecum and Mapes' deposition pertain to privileged and confidential information that can only be released with the plaintiff's consent. The plaintiff concludes that Mapes' deposition and disclosure of the department's records should be limited to Joshua Saylor. (Plaintiff's Reply Brief, pp. 7-8.)
"Upon motion by a party from whom discovery is sought, and for good cause shown, the judicial authority may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place . . . (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters." Practice Book § 13-5. "The granting or denial of a discovery request rests in the sound discretion of the court . . . The court's discretion applies to decisions concerning whether the information is material, privileged, substantially more available to the disclosing party, or within the disclosing party's knowledge, possession or power . . ." (Citations omitted.) Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 57-60, 459 A.2d 503
(1983). "[W]here a party seeks to protect itself from harm due to the subpoena of a non-party, it has standing to seek a protective order."Schramm v. Stelly, Superior Court, judicial district of Litchfield, Docket No. CV 00 0081681 (June 25, 2001, Cremins, J.) (30 Conn.L.Rptr. 41). See also Breadventures, Inc. v. Mrvic, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 00 0180681 (February 22, 2002, Adams, J.) (31 Conn.L.Rptr. 468).
The plaintiff argues that Mapes' deposition and the department's records pertaining to all of her children are privileged and disclosure will cause annoyance and embarrassment to the plaintiff. The plaintiff contends that Mapes, as a department employee, cannot disclose information or records regarding the plaintiff's children without her consent, pursuant to § 17a-28 (b). It is the plaintiff's contention that good cause does exist in the present case because the information and records sought by the defendants are privileged. The plaintiff concludes that she does not object to the disclosure of information and the department's records pertaining to the decedent, Joshua Saylor.
The defendants argue in opposition that the plaintiff does not have standing to seek a protective order. The defendants argue in the alternative that if the plaintiff does have standing then her motion for a protective order should still be denied because she has not proven that the deposition of Mapes would cause her undue burden. The defendants citeCahn v. Cahn, 26 Conn. App. 720, 727, 603 A.2d 759 (1992), and KowalonekCT Page 2510v. Bryant Lane, Inc., Superior Court, judicial district of Danbury, Docket No. CV 960324942 (April 11, 2000, Moraghan, J.), in support of this argument. The defendants also contend that the court must deny the plaintiff's motion for a protective order because the plaintiff has failed to provide the court with a factual basis in order to show that good cause does exist in the present case. The defendants cite Rosado v.Bridgeport Roman Catholic Diocesan Corp. , Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 93 0300272 (December 8, 1994, Levin, J.), in support of this argument.
"[R]ecords maintained by the department shall be confidential and shall not be disclosed. Such records of any person may only be disclosed, in whole or in part, to any individual, agency, corporation or organization with the consent of the person or as provided in this section." General Statutes § 17a-28 (b). Records are defined as "information created or obtained in connection with the department's child protection activities or activities related to a child while in the care or custody of the department . . ." General Statutes § 17a-28 (a)(5)." `Person' means (A) any individual named in a record, maintained by the department, who (i) is presently or at any prior time was a ward of or committed to the commissioner for any reason; (ii) otherwise received services, voluntarily or involuntarily, from the department; or (iii) is presently or was at any prior time the subject of an investigation by the department; (B) the parent of a person, as defined in subparagraph (A) of this subdivision, if such person is a minor." General Statutes § 17a-28
(a)(1).
The defendants seek the department's records and Mapes' testimony regarding the plaintiff's children, Joshua Saylor, Rene Saylor, Kyle Hinderer, Rebecca Drexel, Jason Drexel and Joseph Drexel. In the plaintiff's deposition testimony, she states that Jason Drexel is twenty-four years old, Joseph Drexel is twenty-one years old, and Kyle Hinderer is nineteen years old. The plaintiff's three sons are over the age of eighteen and, therefore, pursuant to § 17a-28 (b), their consent is required for the disclosure of the department's records. There is no deposition testimony identifying the ages of the remaining children, Rene Saylor and Rebecca Drexel. If the plaintiff's daughters are over the age of eighteen then, as previously stated, their consent is required in order to disclose the department's records. If, however, they are under the age of eighteen then, pursuant to § 17a-28 (a)(1) (B), their mother, the plaintiff, would need to provide her consent in order to release their records.
This court has previously granted access to the department's records when the people who requested them were subject to a department CT Page 2511 investigation and a criminal proceeding. See Madden v. Ragaglia, Superior Court, judicial district of Windham at Putnam, Docket No. FA 01 0066524 (February 7, 2002, Potter, J.) (31 Conn.L.Rptr. 452). "[I]nformation in the files of the DCF relating to its child protection activities must be kept confidential . . . This general policy of confidentiality is subject to a number of exceptions, including, under certain circumstances, disclosure to the Superior Court . . . The statute [§ 17a-28] contains no exception, however, providing generally for the disclosure of information in DCF files to the court or the parties in a civil action."Giesing v. Blefeld, Superior Court, judicial district of New London-Norwich at New London, Docket No. CV 99 0549307 (January 4, 2001, Hendel, J.) (28 Conn.L.Rptr. 581, 582). "When raised in a civil context, however, trial courts have uniformly refused to order disclosure of DCF records, citing the lack of statutory or case law authority to order the disclosure." Carroll v. Casey Family Services, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 02 0077308 (June 10, 2002, Moran, J.) (32 Conn.L.Rptr. 297, 298) (the court examined all the exceptions under § 17a-28 and determined that none of the exceptions authorized the court to release DCF's records regarding a third party in connection with a civil action).
The plaintiff commenced this civil action alleging that the defendants are liable for the wrongful death of her son. Based on the nature of this action there are no applicable exceptions under § 17a-28 that allow the court to authorize the disclosure of the department's records or information regarding Rene Saylor, Kyle Hinderer, Rebecca Drexel, Jason Drexel and Joseph Drexel. Furthermore, Mapes cannot provide any testimony regarding the department's involvement or disclose its records pertaining to Rene Saylor, Kyle Hinderer, Rebecca Drexel, Jason Drexel and Joseph Drexel without the proper authorization.
Accordingly, pursuant to § 13-5 (4), the court grants the plaintiff's protective order and limits the defendants' discovery of Mapes' deposition and disclosure of the department's records as to only the decedent, Joshua Saylor.
Potter, J.